[Crim. No. 775. Third Appellate District.—May 10, 1924.]

THE PEOPLE, Respondent, v. FELTY HERSIE DAVIS, Appellant.

[1] CRIMINAL LAW—RAPE—PUNISHMENT—PLACE OF INCARCERATION—SECTION 264, PENAL CODE—CONSTRUCTION.—Under section 264 of the Penal Code, as it existed prior to the amendment approved May 8, 1923, in a prosecution for rape the jury was not required to make any finding in its verdict as to the place of incarceration

of the defendant where the offense was committed upon a female of the age of fifteen years, the law fixing that place as the state penitentiary.

[2] ID.—AMENDMENT OF 1923 TO SECTION 264, PENAL CODE—INTENT OF LEGISLATURE—CONSTRUCTION.—In passing the amendment approved May 8, 1923, to section 264 of the Penal Code, dealing with the matter of punishment for the crime of rape, the evident intention of the legislature was to correct the omission in the section as it originally stood, to empower the court upon plea of guilty to exercise the discretion which had theretofore been vested in the jury upon trial, when the female outraged was between the ages of sixteen and eighteen years, but the wording of the section makes the amendment apply to all cases coming under subdivision 1 of section 261 of the Penal Code, when the female is under the age of eighteen years.

[3] ID. — CRIME COMMITTED BEFORE PASSAGE OF AMENDMENT — AMENDMENT EFFECTIVE AT TIME OF TRIAL—APPLICABILITY TO OFFENSE—SECTION 329, POLITICAL CODE.—In view of section 329 of the Political Code, which provides that "The repeal of any law creating a criminal offense does not constitute a bar to the indictment or information and punishment of an act already committed in violation of the law so repealed, unless the intention to bar such indictment or information and punishment is expressly declared in the repealing act," the amendment approved May 8, 1923 to section 264 of the Penal Code has no application to the crime of rape committed upon a female of fifteen years of age before said amendment became effective and for which crime the defendant was on trial at a time when said amendment was in full force and effect, there being nothing in the section, as amended, indicating any intention to interfere in any manner whatever with any offense previously committed, the mode of procedure, or the punishment affixed thereto.

[4] ID.—SECTION 329, POLITICAL CODE—CONSTRUCTION OF.—Section 329 of the Political Code applies to a section changed by an amendment and, also, to instances where the punishment is changed by an amendment to the section.

[5] ID.—RAPE—CONSENT—FORCE.—In a prosecution for rape in which the information charges the defendant with the commission of rape upon a female of the age of fifteen years, being under the age of consent, the offense would be the same whether force were or were not used.

[6] ID.—AGE OF PROSECUTRIX—INSTRUCTION.—In such prosecution, the defendant was not prejudiced by an instruction which told the jury in effect that they should find him guilty as charged if

---

3.  See 25 R. C. L. 941.

5.  See 22 R. C. L. 1188.

they believed beyond a reasonable doubt that on the date and at the place mentioned in the information the defendant willfully accomplished an act of sexual intercourse with and upon the prosecutrix, who was not then and there the wife of the defendant, and that she was then and there under the age of eighteen years, where no testimony is pointed to showing that the age of the prosecutrix was other than that alleged in the information; nor did such instruction charge upon questions of fact.

[7] ID.—FACT—INSTRUCTIONS.—In such prosecution, instructions that "In the present case, neither the element of force or the question of consent has any application at all," and that "It is not essential to a conviction in this action that the testimony of the prosecutrix, Wilda Finley, should be corroborated by other evidence. It is sufficient if you believe beyond a reasonable doubt, from all the evidence in the case, that the crime charged, has in fact been committed as alleged," did not charge upon questions of fact, and no reason is shown why the first instruction quoted was not applicable to the case as presented to the jury.

(1) 33 Cyc., p. 1515. (2) 16 C. J., p. 68, sec. 28, p. 1376, sec. 3240. (3) 16 C. J., p. 69, sec. 32. (4) 16 C. J., p. 69, sec. 32. (5) 33 Cyc., p. 1425. (6) 33 Cyc., pp. 1501, 1510. (7) 33 Cyc., pp. 1501, 1502, 1510, 1512.

APPEAL from a judgment of the Superior Court of Mendocino County and from an order denying a new trial. H. L. Preston, Judge. Affirmed.

The facts are stated in the opinion of the court.

A. L. Wessels for Appellant.

U. S. Webb, Attorney-General, and J. Chas. Jones, Deputy Attorney-General, for Respondent.

PLUMMER, J.—On the thirtieth day of August, 1923, an information was filed in the superior court of the county of Mendocino charging the defendant with the commission of rape, a felony, as follows, to wit:

"The said Felty Hersie Davis on or about the 23rd day of June A. D. nineteen hundred and 23 at the said Mendocino County, State of California, and before the filing of this information then and there wilfully, unlawfully and feloniously had and accomplished an act of sexual intercourse

7. See 8 Cal. Jur. 286; 14 R. C. L. 740.

with and upon one Wilda Finley, a female person, then and there under the age of eighteen years, to wit, of the age of fifteen years, and not the wife of the said defendant, Felty Hersie Davis, contrary to the form, force and effect of the Statute in such case made and provided, and against the peace and dignity of the People of the State of California.''

Trial was had on January 2 and 3, 1924. The defendant was found guilty, the verdict reading as follows: ''We, the jury find the said defendant guilty as charged in the information.''

Thereafter, and on the seventh day of January, 1924, judgment was rendered and sentence pronounced, as provided by section 264, Penal Code, as it existed prior to the amendment, approved May 8, 1923.

The defendant's motion for a new trial being denied, defendant appeals therefrom and from the judgment entered as aforesaid.

It is urgently contended by the appellant that the verdict rendered by the jury is void and that the court had no jurisdiction to pronounce judgment upon the defendant by reason of the fact that the amendment to section 264 of the Penal Code, as it existed at the date of the trial, required the jury to return in its verdict a finding as to whether the defendant should be confined in the county jail or in the state prison.

At the time of the commission of the offense the amendment to section 264, enacted by the legislature in 1923, had not yet become effective. Section 264, Penal Code, at that date read as follows: ''Rape is punishable by imprisonment in the state prison not more than fifty years, except where the offense is under subdivision 1 of section 261 of the Penal Code and the female is over the age of sixteen years and under the age of eighteen years in which case the punishment shall be by imprisonment in the county jail for not more than one year or in the state prison for not more than fifty years, and in such case the jury shall determine by their verdict whether the punishment shall be by imprisonment in the county jail or in the state prison.'' Subdivision 1 of section 261 of the Penal Code reads as follows: ''Rape is an act of sexual intercourse, accomplished with a female not the wife of the perpetrator, under either of the follow-

ing circumstances: 1. Where the female is under the age of eighteen years.''

It will thus be seen that, at the time the offense in question was committed, the jury was required to fix the place of punishment only when the female in question was between the ages of sixteen and eighteen years.

[1] The information upon which the defendant was arraigned, tried and found guilty charged the defendant with the offense of rape committed upon a female of the age of fifteen years; hence, there was no law requiring the jury to make any finding in its verdict as to the place of incarceration, the law fixing that place as the state penitentiary. Neither the court nor the jury was given any discretion in the matter.

By the act approved May 8, 1923, section 264 of the Penal Code was amended to read as follows: ''Rape is punishable by imprisonment in the state prison not more than fifty years, except where the offense is under subdivision one of section two hundred sixty-one of the Penal Code, in which case the punishment shall be either by imprisonment in the county jail for not more than one year or in the state prison for not more than fifty years, and in such case the jury shall recommend by their verdict whether the punishment shall be by imprisonment in the county jail or in the state prison; provided, that when the defendant pleads guilty of an offense under subdivision one of section 261 of the Penal Code the punishment shall be in the discretion of the trial court, either by imprisonment in the county jail for not more than one year or in the state prison for not more than fifty years.''

[2] The evident intention of the legislature was to correct the omission in the section as it originally stood, to empower the court upon plea of guilty to exercise the discretion which had theretofore been vested in the jury upon trial, when the female outraged was between the ages of sixteen and eighteen years, but, the unhappy wording of the section makes the amendment apply to all cases coming under subdivision 1 of section 261 of the Penal Code, when the female is under the age of eighteen years. The amended section did not become effective until some little time after the commission of the offense for which the defendant was tried and convicted, but was in full force and effect at the

date of the trial. Upon this state of facts the appellant devotes a large portion of his brief to an exposition and setting forth of the cases having to do with *ex post facto* laws. With these cases and the definition of what constitutes an *ex post facto* law we agree, but not with their applicability to the case at bar.

[3] In the presentation of this case section 329 of the Political Code appears to have been overlooked. That section reads as follows: ''The repeal of any law creating a criminal offense does not constitute a bar to the indictment or information and punishment of an act already committed in violation of the law so repealed, unless the intention to bar such indictment or information and punishment is expressly declared in the repealing act.'' There is nothing in the section, as amended by the act of the legislature May 8, 1923, indicating any intention to interfere in any manner whatever with any offense previously committed, the mode of procedure, or the punishment affixed thereto.

[4] It has been held by the supreme court of this state in the case of *People* v. *McNulty*, 93 Cal. 427 [26 Pac. 597, 29 Pac. 61], that this section applies to a section changed by amendment and, also, to instances where the punishment is changed by an amendment to the section. This case contains a full exposition of the applicability of section 329, and we do not need to add anything thereto further than to state that it fully and definitely decides the questions presented to this court adversely to the appellant.

It is next contended by the appellant that the trial court erred in its instructions to the jury. The instructions assailed are as follows: ''In the present case, neither the element of force or the question of consent has any application at all.'' [5] The information charges the defendant with the commission of rape upon a female of the age of fifteen years. Being under the age of consent, the offense would be the same whether force were or were not used. The court further instructed the jury: ''It is not essential to a conviction in this action that the testimony of the prosecutrix, Wilda Finley, should be corroborated by other evidence. It is sufficient if you believe beyond a reasonable doubt, from all the evidence in the case, that the crime charged, has in fact been committed as alleged,'' and then gave the

following instruction: "You are instructed that if you believe from the evidence, beyond and to the exclusion of all reasonable doubt, that on the date mentioned, to wit: June 23rd, 1923, at the said county of Mendocino, State of California, this defendant did then and there wilfully, unlawfully and feloniously carnally know and have and accomplish an act of sexual intercourse with and upon one Wilda Finley, a female person, who was not then and there the wife of the said defendant, and that she, the said Wilda Finley, was then and there under the age of eighteen years, then you should find the defendant guilty as charged."

[6] The only objection which could be urged to this instruction would be that if the female was between the age of sixteen and eighteen years it would be incumbent upon the jury to fix the place of punishment, in the event they found the defendant guilty. No testimony has been called to our attention showing that the age of Wilda Finley was other than that alleged in the information. From which it follows that the defendant was not in anywise prejudiced because, unless there is some testimony to that effect, it was not a matter for the jury to consider. It was simply a question of whether they believed beyond a reasonable doubt from the testimony introduced that the defendant was guilty of the crime charged in the information. The verdict of the jury so found. This eliminates everything that might be founded upon the assumption of the female being between the ages of sixteen and eighteen years, as the law relating to such offenses then stood.

[7] The instructions did not charge upon questions of fact but simply stated the law in ordinary language which we think the jury could very well understand. We may also add that our attention has not been called to any testimony showing any element of force, one way or the other, or any reason why the first instruction quoted was not applicable to the case as presented to the jury. Without any setting forth herein, we will add that we have read the instructions given by the court to the jury as a whole, and when so taken, we find nothing objectionable therein, or anything upon which an order of reversal might be predicated. The record discloses that the defendant had a fair trial according to the law applicable to his case. It therefore

follows that the order of the trial court denying a new trial and the judgment entered herein should be affirmed, and it is so ordered.

Finch, P. J., and Weyand, J., *pro tem.,* concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 7, 1924.

All the Justices concurred.