[Crim. No. 2659. Second Appellate District, Division Two.—January 30, 1935.]

In the Matter of the Application of GERALD CRANE for a Writ of Habeas Corpus.

U. S. Webb, Attorney-General, Paul D. McCormick, Deputy Attorney-General, Buron Fitts, District Attorney, and Tracy Chatfield Becker, Deputy District Attorney, for Appellant.

Gladys Towles Root for Respondent.

CRAIL, J.—This is an appeal by the People under the provisions of section 1506 of the Penal Code from an order of the Superior Court on *habeas corpus* discharging petitioner Crane from imprisonment upon the ground that he was entitled to such an order under section 19a of the Penal Code, effective August 22, 1933, which provides that "in no case shall any person sentenced to confinement in a county

or a city jail on conviction of a misdemeanor, or as a condition of probation, or for any reason, be committed for a period in excess of one year''. The petitioner Crane was convicted of the crime of burglary. The court pronounced judgment and sentence and entered the same in the judgment book and thereafter made the following order: "Execution of sentence is suspended and defendant granted probation for a period of five years under the following conditions,'' etc. In a different case and on a subsequent date Crane was found guilty of the crime of burglary and in this case the defendant was sentenced to one year in the county jail and the sentence was ordered to run consecutively with the sentence in the first case. On November 13, 1934, on the petition of said Crane a writ of *habeas corpus* was issued by the Superior Court which came on for hearing on November 15, 1934, and after the sheriff had made his return setting forth the facts as above stated the court made an order releasing the defendant on the ground that he was being illegally confined under the terms of said section. From this order the People appeal.

Both crimes were committed prior to the effective date of said section 19a and it is the contention of the appellant that for this reason section 19a has no reference to the sentences under which the petitioner Crane was being confined. It is the contention of petitioner Crane, however, that the enactment of section 19a was an implied repeal of statutes which provided for the punishment of crimes by imprisonment in the county jail in so far as they provided for confinement therein beyond the period of one year and that this repeal is as effective for crimes already committed as for crimes thereafter to be committed. This might be true if it were not for the general saving clause contained in section 329 of our Political Code, which is as follows: "The repeal of any law creating a criminal offense does not constitute a bar to the indictment or information and punishment of an act already committed in violation of the law so repealed, unless the intention to bar such indictment or information and punishment is expressly declared in the repealing act.'' But it is contended that this section refers to the repeal of any law *creating a criminal offense;* that the description or definition of acts necessary to constitute a crime is necessary to create a crime and that unless the

definition in the law creating a crime is repealed, there is no repeal of such law within the meaning of said section. This is not our understanding. A crime or public offense is defined as "an act committed or omitted in violation of a law forbidding or commanding it, *and to which is annexed,* upon conviction, either of the following *punishments*", etc. (Sec. 15, Pen. Code; *People* v. *McNulty,* 93 Cal. 427 [26 Pac. 597, 29 Pac. 61]; *People* v. *Davis,* 67 Cal. App. 210 [227 Pac. 494].) It logically follows that the designation of punishment is as necessary to create a criminal offense as a definition and it is our conclusion, therefore, that section 329 of the Political Code is applicable.

The order releasing the defendant on *habeas corpus* is reversed and he is remanded to the sheriff of Los Angeles County.

Stephens, P. J., and Scott, J., *pro tem.,* concurred.