[Crim. No. 6564.    Second Dist., Div. Three.    July 27, 1959.]

THE PEOPLE, Respondent, v. CECIL GARCIA
CONTRERAI, Appellant.

Virgil V. Becker, under appointment by the District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, Elizabeth Miller and Norman L. Epstein, Deputy Attorneys General, for Respondent.

VALLÉE, J.—In a nonjury trial defendant was convicted of possessing heroin. He was sentenced to state prison. He appeals from the judgment. His only point is that he was not brought to trial within 60 days after the filing of the information, as required by section 1382 of the Penal Code.

The information was filed on July 7, 1958. Defendant was arraigned on July 9, 1958, and his time for plea was continued to July 16. On July 16 time for plea was continued to July 21; and on the latter date, was continued to July 24. On July 24 defendant pleaded not guilty and trial was set for September 18, 1958. On September 18 in department 43 defendant waived a trial by jury and the following stipulation was entered into:

"By stipulation of all counsel the cause is submitted on the testimony contained in the transcript of the proceedings had at the preliminary hearing, subject to this Court's rulings, with each side reserving the right to offer additional evidence, and all stipulations entered into at the preliminary hearing be deemed entered into in these proceedings. It is further stipulated that all exhibits received at the preliminary hearing are deemed received in evidence in these proceedings, subject to this Court's rulings."

The cause was then transferred to department 47. On the same day in department 47, on motion of defendant, the trial was continued to September 25. The minutes of September 18 say, "Time waived." On September 25 the trial was continued to October 2, 1958. The minutes of September 25 say, "Time waived." The minutes of October 2 say, "Trial resumed from September 25, 1958," and "The Court has read and considered the transcript"; that additional evidence was received, and that defendant was found guilty. Defendant was represented by counsel at all proceedings.

Penal Code, section 1382, provides:

"The court, unless good cause to the contrary is shown, must order the action to be dismissed in the following cases: . . .

"2. If a defendant, whose trial has not been postponed upon his application, is not brought to trial in a superior

court within sixty days after the finding of the indictment, or filing of the information. . . ."

The right of a defendant to a trial within the 60-day period may be waived. (*People* v. *Tenedor*, 107 Cal.App.2d 581, 583 [237 P.2d 679] ; *People* v. *Greene*, 108 Cal.App.2d 136, 140 [238 P.2d 616].) The consent of a defendant that his trial be set for a date beyond the 60-day limit is equivalent to a postponement upon his application within the meaning of section 1382. (*People* v. *George*, 91 Cal.App. 2d 537, 540 [205 P.2d 464].) "When a defendant fails to object at the time a cause is set for trial beyond the statutory period, consent is presumed." (*People* v. *Taylor*, 52 Cal.2d 91, 93 [338 P.2d 337].)

Application for dismissal for failure to bring to trial within 60 days must be made in the trial court, and if not made before the trial begins the right to a dismissal is waived. The court is under no duty to dismiss unless the defendant demands it. (*People* v. *Newell*, 192 Cal. 659, 669 [221 P. 622] ; *People* v. *Villarico*, 140 Cal.App.2d 233, 235-236 [295 P.2d 76] ; *Ex parte Apakean*, 63 Cal.App. 438, 440 [218 P. 767].) In *People* v. *O'Leary*, 130 Cal.App.2d 430 [278 P.2d 933], this court said (p. 436) :

"The purpose of an objection to a trial date beyond the 60-day period is to give the court an opportunity to fix an earlier date. If an objection is not made within the 60-day period, it cannot validly be made at all."

"It is not the policy of the law to permit a person thus to keep his silence, take his chance on getting a favorable verdict and, if he loses, at some later time (perhaps after the statute of limitations has run) come in and void the judgment by raising a point which if timely raised would have allowed the filing of a new information before the running of the statute and while the state's witnesses were still available." (*People* v. *Martinez*, 145 Cal.App.2d 361, 365 [302 P.2d 643].)

Defendant at no time objected to the various continuances, nor did he move to dismiss. On September 18 and 25 he expressly consented to the continuances and waived the time. On the record it must be held that defendant waived his right to be brought to trial within 60 days after the filing of the information.

Affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.