[Crim. No. 8169. Second Dist., Div. Four. Mar. 20, 1962.]

In re MARJORIE LOUISE BISHOP et al.,
on Habeas Corpus.

Archer Zamloch, under appointment by the District Court of Appeal, for Petitioners.

Charles F. Catterlin, City Prosecutor (Torrance), for Real Party in Interest.

William B. McKesson, District Attorney (Los Angeles), Harry Wood and Harry B. Sondheim, Deputy District Attorneys, as Amici Curiae on behalf of Real Party in Interest.

THE COURT.—This is an application for a writ of habeas corpus to discharge Marjorie Louise Bishop and Claude William Bishop from custody on the ground that they were not brought to trial within the statutory period provided by Penal Code, section 1382, subdivision 3.[1]

---

[1] The relevant portion of this section provides: "The court, unless good cause to the contrary is shown, must order the action to be dismissed in the following cases: . . . 3. Regardless of when the complaint is filed, when a defendant in a misdemeanor case in an inferior court is not brought to trial within 30 days after he is arrested . . . ; except that an action shall not be dismissed under this subdivision (1) if it is set for trial on a date beyond the prescribed period at the request of

Defendants[2] were arrested on December 25, 1961, and taken into custody. On December 27, two complaints (thereafter ordered consolidated for trial) were filed in the Municipal Court of the South Bay Judicial District, County of Los Angeles. Marjorie Louise Bishop was charged with violation of sections 192, subdivision 2[3] and 273a of the Penal Code. Claude William Bishop was charged with violation of Penal Code, sections 192, subdivision 2,[3] 273a and 270. On December 28, defendants appeared before the court, pleaded not guilty, and trial was set for January 18, 1962. When they appeared before the court on the date set for trial, January 18th, the court offered to appoint counsel to defend them, which offer they accepted, and the court set February 8, 1962, as the date of trial. These were the only appearances of defendants before the municipal court, and on neither occasion were they represented by counsel, nor were they advised of their rights to be brought to trial within 30 days.

On January 22, 1962, the court requested Archer Zamloch to represent defendants in this matter and he accepted the appointment. Notice of motion to dismiss each of the complaints was filed on January 26, upon the ground that defendants had been denied a speedy trial and for failure to comply with Penal Code, section 1382, subdivision 3. These appear to be the only facts before the municipal court at the time of the hearing upon the motions on January 29th. The matter was submitted and the motions denied on January 30, 1962.

Upon application, a writ of habeas corpus issued in the superior court and hearing was had on February 2, 1962. At this hearing the prosecution offered no testimony. Mr. Zamloch testified to the effect that after accepting the appointment on January 22, he visited the defendants on the afternoon of January 23, at which time he asked each of them if the court had asked them to ''waive time for trial'' upon the occasion of their two appearances in court and each stated

---

the defendant or with his consent, express or implied, and the defendant is brought to trial on the date so set for trial or within 10 days thereafter. . . .

''If the defendant is not represented by counsel, he shall not be deemed under this section to have consented to the date for his trial unless the court has explained to him his rights under this section and the effect of his consent.''

[2] The petition is that of Archer Zamloch ''on behalf of'' Marjorie Louise Bishop and Claude William Bishop. The latter parties will be referred to herein as ''defendants.''

[3] This charge was dismissed.

that the court had not asked them for such waiver nor had they given it. He did not examine the court file on that date. On the same date, at about 5 p. m., after talking with defendants, Mr. Zamloch stopped at the office of Mr. Catterlin, the City Prosecutor of the city of Torrance, who represented the People in these actions, to discuss the case with him. In the course of that discussion he mentioned the failure of the court to comply with section 1382, and pointed out that the trial was set for more than 30 days from date of arrest, whereupon Mr. Catterlin responded to the effect that "the judge holds there is a waiver when a defendant fails to object to the date," to which Mr. Zamloch responded, "Just the same, if I were you I would want a formal waiver." On January 24th, Mr. Zamloch prepared the motion to dismiss. On the morning of January 25 he was required to fly to San Francisco and at his request the motions were filed on January 26 by an associate.

The superior court determined (and the prosecution conceded) that the trial court erred in failing to advise defendants of their rights, but discharged the writ and remanded defendants upon the ground that Mr. Zamloch had failed to advise the court of its error and thus afford it an opportunity to correct same.

The People concede that " [i]n order for the defendants to have been brought to trial within the 30-day period set forth in subdivision 3 of section 1382, Penal Code, it would have been necessary for their trial to have been held on or before January 24, 1962, or, in other words, within two days after the appointment of Mr. Zamloch as counsel for defendants." It is the position of the People that after appointment as counsel for defendants on January 22, and upon learning from the defendants on January 23 that they had not waived their rights to an early trial, it was the duty of counsel to bring the matter to the attention of the court "in time for the court to correct the error." It is contended that the failure of counsel to so do constituted a waiver by defendants of their right to trial within the 30-day period.

It was held in *Brewer* v. *Municipal Court*, 193 Cal. App.2d 510, 516 [14 Cal.Rptr. 391], "that where a defendant is not represented by counsel at his arraignment and the court then sets the case for trial on a date beyond the 30-day period, that no waiver of time occurs solely by reason of the fact that he thereafter employs counsel in the absence of any showing that counsel was advised of the fact that the court

had not advised the defendant of his right to an early trial at the time the case was set for trial *and after being so advised had reasonable opportunity but failed to object to the trial date.''* (Emphasis added.) Further, at page 516, it is stated: ''The People further contend that inasmuch as the record establishes that petitioner's counsel discovered on December 6th that the case was set for trial beyond the 30-day period and that his client had not been advised of his right to an early trial at the time the case was set, petitioner should have then moved the trial court to advance the trial from the 8th to the 7th of December and that having failed so to do his failure constituted a waiver of his right to trial within the statutory period. The law does not require useless acts. Whether it would have been useless for petitioner to move on one day's notice to advance a case for trial is a matter peculiarly within the knowledge of the judge of the respondent court who, as we have said, impliedly found there was no waiver.''

 With regard to the question of waiver, the court in the *Brewer* opinion states (p. 515): ''Waiver is the voluntary relinquishment of a known right [citations], and the burden is upon the party claiming waiver to prove it. [Citations.] The issue as to whether petitioner waived his right to an early trial was one of fact to be determined by the respondent court. In granting the motion to dismiss, the respondent court of necessity impliedly found that there was no waiver. Unless the facts establish waiver as a matter of law, neither we nor any other court can go behind the finding of the trial court and redetermine that issue.'' The prosecution in the case before us relies strongly upon an asserted implied finding of waiver by the trial court which it is contended cannot be disturbed.

It appears, however, that the facts which were before the municipal court in the instant case, at the time it ruled upon the motions to dismiss, established as a matter of law that there was·no waiver. The failure to object, by these defendants prior to their being represented by counsel, to the trial date beyond the 30-day period, did not constitute consent (Pen. Code, § 1382); neither did the mere appointment of counsel for them after the trial date had been fixed constitute a waiver. (*Brewer* v. *Municipal Court, supra,* p. 516.) Had counsel been present in court at the time the judge fixed the date, then by failing to voice an objection

consent would be presumed and constitute a waiver. (*People* v. *Rongo,* 169 Cal. 71, 73 [145 P. 1017].)

The basic principles as to the constitutional guarantees of a speedy public trial were early stated in *People* v. *Morino,* 85 Cal. 515, 517 [24 P. 892] : "A party charged with crime has the constitutional right to a speedy trial, and the court has no discretionary power to deny him a right so important, or to prolong his imprisonment without such trial beyond the time provided by law. The statute is imperative.

'The court, unless good cause to the contrary is shown, must order the prosecution to be dismissed.' Here no cause for delay was shown. It was enough for the defendant to show that the time fixed by the statute, after information filed, had expired, and that the case had not been postponed on his application. If there was any good cause for holding him for a longer time without a trial, it was for the prosecution to show it. The court could not presume it."

And in *People* v. *Angelopoulos,* 30 Cal.App.2d 538, 543 [86 P.2d 873] (substituting 30 days for the 60-day provision there applicable) it is said: "When the defendant has not consented to a continuance of the cause against him, and the prosecution fails to show good cause therefor, upon motion of the accused person it is mandatory upon the court to dismiss the action when more than [30 days] have elapsed without bringing the case to trial. Under such circumstances the court has no discretion to deny the motion. [Citations.]

Article I, section 13, of the Constitution of California guarantees an accused person a speedy trial. That constitutional provision is construed by section 1382 of the Penal Code to limit the time within which the trial must be had to a period of [30 days], unless by the defendant's conduct or acquiescence he consents to extend that time, except when the business of the court, the illness of the judge, or some other good reason for delay prevents the trial during that period of time."

The duty of setting the case for trial and of expediting all proceedings is on the state. (Pen. Code, §§ 1050, 686.) Section 1050 provides that "[i]t shall be the duty of all courts and judicial officers and of all district attorneys to expedite the hearing and determination of all such cases and proceedings to the greatest degree that is consistent with the ends of justice." It is aptly stated in *People* v. *Prosser,* 309 N.Y. 353 [130 N.E.2d 891, 894-895, 57 A.L.R.2d 295] that ". . . the burden of proceeding promptly is on the state, not

on the defendant. . . . It is the state which initiates the action and it is the state which must see that the defendant is arraigned. It is likewise the state which has the duty of seeing that the defendant is speedily brought to trial. And from this it follows that the mere failure of the defendant to take affirmative action to prevent delay may not, without more, be construed or treated as a waiver.''

This is not to say that there may not be situations wherein the failure of a defendant to take affirmative action, i.e., by making his objection known, or by demanding an earlier trial date, may constitute waiver. (*Cf., People* v. *Martinez*, 145 Cal.App.2d 361, 365 [302 P.2d 643]; *People* v. *Contrerai*, 172 Cal.App.2d 369, 371 [341 P.2d 849]; *People* v. *O'Leary*, 130 Cal.App.2d 430, 436 [278 P.2d 933].) But such a situation is not here presented.

■■■■ ''It has been pointed out that the 'courts indulge every reasonable presumption against waiver' of fundamental constitutional rights and that we 'do not presume acquiescence in the loss of fundamental rights.' A waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege.'' (*Johnson* v. *Zerbst*, 304 U.S. 458, 464 [58 S.Ct. 1019, 82 L.Ed. 1461, 146 A.L.R. 357].) We conclude that upon the facts before us, there was no waiver.

■■■■ There being no waiver, and no good cause shown by the prosecution for failure to bring the matter to trial within the 30-day period, the defendants are entitled to their discharge. (See *Wilborn* v. *Superior Court*, 175 Cal.App.2d 898, 901 [1 Cal.Rptr. 131]; *In re Vacca*, 125 Cal.App.2d 751, 752 [271 P.2d 162]; *Herrick* v. *Municipal Court*, 151 Cal. App.2d 804, 807 [312 P.2d 264].)

The writ is granted and the defendants are discharged from the custody of the sheriff of Los Angeles County.