[Civ. No. 25935.    Second Dist., Div. Two.    July 30, 1962.]

NATALIE HILL, Plaintiff and Appellant, v. THE MUNICI-
PAL COURT FOR THE BEVERLY HILLS JUDICIAL
DISTRICT OF LOS ANGELES COUNTY, Defendant
and Respondent.

Thomas M. McGurrin for Plaintiff and Appellant.

Harold W. Kennedy, County Counsel, and Donald K. Byrne, Deputy County Counsel, for Defendant and Respondent.

FOX, P. J.—This is an appeal from a judgment denying appellant's petition for a peremptory writ to prohibit respondent court from trying petitioner on a misdemeanor charge.

Appellant was arrested on February 23, 1961. On the next day she appeared in pro. per. in the Beverly Hills Municipal Court for arraignment on a misdemeanor complaint which charged a violation of Vehicle Code section 23102 (driving a vehicle under the influence of intoxicating liquor). The judge advised appellant she was entitled to trial within 30 days after she was brought within the jurisdiction of the court. The court, however, did not explain to her that, absent her consent, she would be entitled to a dismissal of the case if not brought to trial within 30 days after she was arrested and brought within the jurisdiction of the court,[1] i.e., 30 days from February 24. Also, he failed to explain to her that if she waived her right to trial within 30 days she could be brought to trial on the date set for trial or within 10 days after the date set. Arraignment was continued to March 1.

On March 1 appellant again appeared in the Beverly Hills Municipal Court in propria persona for arraignment. At that time she pleaded not guilty and asked for a jury trial. The court advised appellant she was entitled to trial within 30 days after being arrested and brought within the jurisdiction of the court, but that the court calendar was very congested.[2] She was asked by the court if she would be willing to waive the 30-day time limit. She replied in the affirmative. The court set the case for trial on April 3, 1961. Again the court failed to explain to appellant that she would be entitled to a

---

[1] In 1961 section 1382, subdivision 3, Penal Code, was amended, *inter alia*, by deleting ''and brought within the jurisdiction of the court.'' This was subsequent to the events in the instant case.

[2] This is not a sufficient showing of good cause to exclude the application of section 1382, Penal Code. (*Herrick* v. *Municipal Court*, 151 Cal. App.2d 804, 807-810 [312 P.2d 264], and cases there cited.

dismissal of the case if it were set for trial beyond 30 days without her consent.

On Friday, March 24, Attorney David K. Leavitt was retained by appellant. On Wednesday, March 29, Attorney Leavitt appeared in the Beverly Hills Municipal Court and made a motion for dismissal of the complaint under subdivision 3 of section 1382, Penal Code, on the ground that the case had been set for trial beyond the 30-day period. The motion was based on appellant's contention that her agreement to a trial date beyond the 30-day period was not a valid consent since she was not represented by counsel and the court had failed to explain to her the effect of her agreeing to a trial date beyond the 30-day period. The motion was supported by the declaration of appellant (which is not before us).

In seeking a writ in the superior court, Mr. Leavitt filed a declaration stating that the Hill declaration in support of the motion to dismiss on the 29th was prepared and signed on March 27. He further states that Tuesday, March 28, was traffic court day in Beverly Hills Municipal Court and that he requested the clerk by telephone on that date to set the Hill case on the motion calendar on March 29 and that he made the motion to dismiss on the latter date. The motion was denied.

Following a hearing on an application for a writ of prohibition in the Superior Court the judge found that the respondent court on March 1 informed petitioner that although she was entitled to trial within 30 days after being arrested and brought within the jurisdiction of the court, the court was very congested; that the court on said date then inquired of petitioner if she would be willing to waive the 30-day time limit and petitioner stated that she would waive her right to trial within 30 days; that the 30th day was March 26, a Sunday; that the last day she could be brought to trial under the 30-day provision would therefore be Monday, March 27; that although petitioner was represented by an attorney prior to the expiration of the 30-day period, no objection was raised to the trial date until after the expiration of such period. The court concluded that setting the case for trial for April 3 was not an act beyond the jurisdiction of the court and that the court had jurisdiction to proceed to try petitioner. Appellant's first contention is that since she was not represented by counsel at the arraignment there could be no valid consent by her to trial beyond the 30-day period without the court's explaining her rights under the statute and the effect of her

consent. She bases her argument on section 1382, Penal Code, which provides in part (as amended in 1959): "If the defendant is not represented by counsel, he shall not be deemed under this section to have consented to the date for his trial unless the Court has explained to him his rights under this section and the effect of his consent."

The facts show that although the judge told appellant she was entitled to trial within 30 days, he never advised her either on February 24 or March 1 of her further rights under this section and the effect of her consent.

■ Respondent argues that since appellant expressly consented to waive the 30-day period, the quoted amendment to section 1382 of the Penal Code has no application; it only applies where there is either silence or lack of objection to setting a case for trial beyond the statutory period. This contention is not sound. The amendment to section 1382 requires the arraigning judge to do two things: (1) explain to the defendant his rights under this section; and (2) "the effect of his consent." ■ This is not only indicated by the wording of the amendment itself but also by the observation of the court in *Burns* v. *Municipal Court,* 195 Cal.App.2d 596 [16 Cal.Rptr. 64], at page 598, where the court stated: "Since the 1959 amendment to said section [1382], a defendant not represented by counsel is not deemed to have consented to the setting of his case for trial beyond the statutory period unless the court first explains to him his rights under that section and *the effect of his consent.* [Emphasis by the court.] When consent is claimed it therefore must be affirmatively shown that the provisions of this section were complied with."

■ We therefore conclude that appellant's purported consent to setting her case for trial beyond the statutory period was not legally effective.

■ Respondent also argues that appellant's failure to object within the 30-day period constituted a waiver. The 30-day period provided by section 1382, Penal Code, would normally expire on March 26. This being a Sunday, however, the period extended until Monday, March 27. (Code Civ. Proc., § 12a.) It will be recalled that Mr. Leavitt was "first requested to appear as counsel for Natalie Hill [the appellant] on Friday, March 24." It does not appear that he was informed on that date of the failure of the arraigning court to advise appellant fully as to her rights under section 1382.[3]

---

[3] "The burden is upon the party claiming waiver to prove it." (*Burns* v. *Municipal Court, supra.*)

It does appear, however, that counsel prepared and appellant signed on Monday, March 27, her declaration on which the motion to dismiss was based. Thus there is no showing that appellant's counsel learned of the omission of the arraigning judge prior to that date, which was the day on which the 30-day period legally expired. In this factual context respondent says that appellant had ample opportunity to voice her objection through her attorney to a trial date beyond the 30-day period. This would mean that counsel for appellant could in some fashion call the court's attention to the fact that the case had been set for trial beyond the 30-day period and that such period expired on that day; that the court could advance the trial to that day and that a department of the court could be made available for the trial to start then; and that the parties would be able to procure the attendance of their witnesses within a matter of a few hours. To us this seems quite unrealistic and unreasonable.

In *Brewer* v. *Municipal Court,* 193 Cal.App.2d 510, 516 [14 Cal.Rptr. 391], the court pointed out that "no waiver of time occurs solely by reason of the fact that he [defendant] thereafter employs counsel in the absence of any showing that counsel was advised of the fact that the court had not advised the defendant of his right to an early trial at the time the case was set for trial and *after being so advised had reasonable opportunity but failed to object to the trial date.* Counsel on being employed would have the right to assume, until he was advised to the contrary, that the court in setting the case for trial had performed its duty and advised the defendant of his rights and that therefore there had been a waiver by his client of the time for trial." (Emphasis added.)

The factual situation outlined above establishes, as a matter of law, that there was no waiver for appellant's counsel did not have a reasonable opportunity to object to the trial date within such time as would enable the court and counsel to initiate the trial within the 30-day period.

Factually the case is very similar to *In re Bishop,* 201 Cal. App.2d 604 [20 Cal.Rptr. 186]. In that case counsel was appointed to represent the defendants and he accepted such appointment on January 22, 1962. The 30-day period expired on January 24. On January 23 counsel visited the defendants and learned that the case had been set beyond the 30-day period and that his clients had not waived the time limitation. On January 24 counsel prepared a motion to dismiss which was filed on January 26. The trial court denied the motion.

In a habeas corpus proceeding, the superior court determined that the municipal court erred in failing to advise defendants of their rights but discharged the writ and remanded defendants on the ground that counsel had failed to advise the court of its error within the 30-day period and thus afford it an opportunity to correct same. An application for writ of habeas corpus was filed in the District Court of Appeal. The court held in this factual context that there was no waiver and granted the writ discharging the defendants. We regard this decision as sound.

The judgment is reversed with directions that a peremptory writ of prohibition issue as prayed.

Ashburn, J., and Herndon, J., concurred.