[Crim. No. 7868.   Second Dist., Div. Three.   Apr. 11, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. DON WADE, Defendant and Appellant.

Burton Marks, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Stanley X. Cook, Deputy Attorney General, for Plaintiff and Respondent.

SHINN, P. J.—Donald Tyler Wade appealed, in propria persona, from a judgment of conviction in a jury trial of violating section 11501 of the Health and Safety Code in that on or about September 8, 1960, he did unlawfully and feloniously sell, furnish, and give away a narcotic, to wit, heroin. He was charged with a prior narcotic conviction, a misdemeanor, which he admitted. Subsequent to the filing of appellant's and respondent's briefs, counsel for appellant was appointed and supplemental briefs were thereupon filed.

Defendant first assigns error in the court's failure to dismiss the action, pursuant to Penal Code section 1382, upon the ground that he was not brought to trial within 60 days after the filing of the information.

The information was filed March 7, 1961; on March 10, when defendant was represented by the public defender, the date for trial was set for May 8, 1961, a lapse of 62 days. No objection was registered to that order.

On May 8, 1961, on motion of the defendant, the public defender was relieved, defendant was substituted in propria persona and his motion for continuance was denied. The action was not subject to dismissal. When the trial date was set, defendant was represented by counsel and since no objection to the 2-day extension of the period was then made by defendant or his counsel, defendant thereby consented to the date set for trial and waived his rights under Penal Code section 1382. (See *People* v. *Anderson,* 126 Cal.App.2d 702 [272 P.2d 805]; *People* v. *Akers,* 143 Cal.App.2d 224 [299 P.2d 398].)

Defendant next contends that the evidence was insufficient to support the verdict in that the People's evidence was contradictory and therefore incredible and that the testimony of an accomplice was not corroborated. The People's evidence consisted of the testimony of Harry Edward McKeehan, a forensic chemist at the Los Angeles County Sheriff's crime laboratory, who testified that the capsules in question contained heroin; Allen Jerace, Deputy Sheriff, assigned to the Narcotic Detail; and Edmund D. Tromanhauser, who volunteered information and assistance to thr sheriff's depart-

ment in obtaining evidence. The testimony of Jerace and Tromanhauser disclosed the following facts: Tromanhauser contacted defendant; they came to a car in which Jerace was waiting for them; it was arranged that defendant would obtain heroin for Jerace in the amount of " 'half a G' "; Jerace handed Tromanhauser $10 which he, in turn, handed to defendant; the three of them proceeded to an underpass where defendant left while he went to his connection; he returned with a package which was found to contain heroin, handed it to Tromanhauser, who handed it to Jerace.

In his defense Wade testified that he did not "recall anything particularly taking place on the 8th day of September 1960," that he had never seen Agent Jerace anywhere except in court, but that he had known Tromanhauser for approximately two years, during which time Tromanhauser was his connection for heroin.

In questioning the sufficiency of the evidence against him, the defendant cites as inconsistent various statements made by both Jerace and Tromanhauser in their testimony. The matters alluded to were of a trivial nature and inconsequential. There was substantial evidence to support the conviction. ■ The credibility of the witnesses was for the jury to determine and its determination will not be disturbed on appeal. (*People* v. *Barbera,* 50 Cal.2d 688 [328 P.2d 973]; *People* v. *Hadley,* 84 Cal.App.2d 687 [191 P.2d 517]; *People* v. *Tillman,* 142 Cal.App.2d 404 [298 P.2d 631].)

■ The testimony of Tromanhauser that he received the heroin from defendant did not require corroboration since he was not an accomplice to the crime committed by defendant, but was working under the direction of Agent Jerace and was immune from prosecution. (See Health & Saf. Code, § 11710.)

■ Defendant next contends he was denied the right to counsel and assigns error in the court's denial of his motion for a continuance. The record discloses that, on the date of trial, the defendant intelligently waived his right to counsel, the court taking care to ascertain that defendant had knowledge of the nature and effect of such a waiver. In an extended colloquy the court endeavored to convince defendant that it would be a mistake for him to dispense with the services of the public defender. Defendant was obdurate and insisted upon representing himself. He is bound by his decision. (See *In re Connor,* 16 Cal.2d 701 [108 P.2d 10]; *In re Ted-*

*ford,* 31 Cal.2d 693 [192 P.2d 3]; *People* v. *Ansite,* 110 Cal. App.2d 38 [241 P.2d 1036].)

██ Upon release of the public defender, who was apparently ready to conduct the trial, Wade asked for a two-week continuance "to gather evidence." The court properly denied this request. (See *People* v. *Williams,* 174 Cal.App.2d 364 [345 P.2d 47]; *People* v. *Duncan,* 175 Cal.App.2d 372 [346 P.2d 521]; *People* v. *DeLosa,* 184 Cal.App.2d 681 [7 Cal. Rptr. 753].)

██ Immediately prior to the time set for sentence and the pronouncement of judgment, when defendant requested appointment of counsel, the court stated the circumstances of the prior waiver of counsel and denied the request, together with a denial of defendant's motion for a new trial, and pronounced judgment.

The defendant's subsequent motion for assignment of counsel was directed to the sound discretion of the trial court. (*See People* v. *Ortiz,* 195 Cal.App.2d 112 [15 Cal.Rptr. 398].) We find no abuse in the exercise thereof in the case at bar. The defendant's previous intelligent waiver of counsel precludes his right to complain of a denial of his subsequent request at this later stage of the proceedings. (See *In re Connor, supra,* 16 Cal.2d 701; *People* v. *Morgan,* 140 Cal.App.2d 796 [296 P.2d 75].)

Defendant next contends that certain remarks by the prosecuting attorney in his argument to the jury constituted prejudicial error. The defendant in his argument had referred to the fact that he was representing himself "because I know I'm entirely innocent of this crime, . . ." and closed his remarks with the following: "That's my story. I'm innocent. May God strike me dead if I'm not. I hope God's on my side. . . ." The prosecuting attorney saw fit to comment on these remarks but we find nothing in his comments that was unfair or prejudicial to the defendant.

Defendant assigns error in numerous rulings of the court and in what he contends were limitations upon his conduct of the trial. There is no merit in any of these claims. The court was extremely indulgent in permitting defendant to cross-examine the People's witnesses and in presenting his defense.

The judgment is affirmed.

Files, J., concurred.

Ford, J., did not participate.

A petition for a rehearing was denied May 8, 1963, and appellant's petition for a hearing by the Supreme Court was denied June 4, 1963.