[Civ. No. 29712. Second Dist., Div. One. May 17, 1966.]

JULIUS DULSKY, Plaintiff and Appellant, v. THE MUNICIPAL COURT FOR THE LOS ANGELES JUDICIAL DISTRICT OF LOS ANGELES COUNTY, Defendant and Respondent; THE PEOPLE, Real Party in Interest and Respondent.

Burton Marks for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

Roger Arnebergh, City Attorney, Philip E. Grey, Assistant City Attorney, and Richard G. Kolostian, Deputy City Attorney, for Real Party in Interest and Respondent.

LILLIE, J.—This is an appeal from a judgment discharging alternative writ of prohibition and denying petition for a peremptory writ.

On September 22, 1964, a complaint was issued charging Dulsky with two violations of section 11225, Health and Safety Code. On September 30, he appeared alone in the municipal court and entered a plea of guilty upon which he was ordered to pay a fine of $500. Later the same day (September 30, 1964) Dulsky returned to court with counsel, at which time he was allowed to withdraw his plea of guilty; the case was continued for plea to October 9, 1964, at his request. The day before, on October 8, Dulsky's counsel again requested a continuance, to October 13, for plea; on that day he demurred to the complaint. Inasmuch as the deputy city attorney familiar with the case was on his honeymoon, at the request of the deputy present, argument on the demurrer was continued to November 4, 1964, on which date the demurrer was argued and submitted. Five days later (November 9) the demurrer was overruled, and on November 10, Dulsky's counsel was so informed and further advised that November 17 was the date set for plea. The day before (November 16) Dulsky's counsel appeared in court and moved to dismiss the cause for lack of prosecution; the motion was denied, whereupon Dulsky entered a not guilty plea and the trial was set for December 4, 1964. On the morning of that day Dulsky and

his counsel appeared and again moved to dismiss the case; the motion was denied and the cause was continued for trial to the afternoon. At that time, on Dulsky's motion, the case was continued to January 28, 1965, to permit him to file the within petition in the superior court. On January 13, 1965, he filed the same and after a full hearing the superior court, on February 10, 1965, ordered that the alternative writ of prohibition be discharged and that the petition for peremptory writ be denied. Appellant argues that the superior court erred in failing to grant the petition because he had not been brought to trial within 45 days, and his constitutional right to a speedy trial was violated.

Section 1382, subdivision 3, Penal Code, provides: "The court, unless good cause to the contrary is shown, must order the action to be dismissed in the following cases:

" . . . . . . . . . . . .

"3. Regardless of when the complaint is filed, when a defendant in a misdemeanor case in an inferior court is not brought to trial within 30 days after he is arraigned unless he has signed a written notice to appear, in which case within 45 days after the latest date by which he has promised to appear, or the date upon which he does in fact appear, whichever may be later, or if there has been no arrest and he has not signed a notice to appear, within 45 days after he has, by appearance in court pursuant to a parking citation or otherwise, submitted himself to the jurisdiction of the court, . . ."

Appellant claims that he was entitled to have a trial on or before November 16, 1964. Inasmuch as November 14, 1964 (45 days after the date of his appearance) fell on a Saturday, the statutory time for trial was extended to and including November 16, 1964. (*Hill* v. *Municipal Court,* 206 Cal.App.2d 257, 259 [24 Cal.Rptr. 34].) According to appellant, he moved for a dismissal on November 16, 1964, because no trial in his case was set for that date; further, he says he did not then consent or acquiesce to a setting of the trial date on December 4, 1964.

The right to a trial within the 45-day period provided in section 1382, subdivision 3, may be waived; and the defendant's consent that his trial be set for a date beyond the 45-day limit is equivalent to a postponement upon his application within the meaning of that section. (See *People* v. *Contrerai,* 172 Cal.App.2d 369, 371 [341 P.2d 849]; *People* v. *George,* 91 Cal.App.2d 537, 540 [205 P.2d 464].) "When a defendant fails to object at the time a cause is set for trial beyond the statutory period, consent is presumed." (*People*

v. *Taylor*, 52 Cal.2d 91, 93 [338 P.2d 337].) The record shows that Dulsky's counsel appeared in court at 9:30 a.m. on November 16 and moved for a dismissal of the cause; at that time the 45 days had not yet expired and did not expire until the end of the day. However, on November 16, after the court denied the motion, Dulsky entered his plea of not guilty; then the judge asked relative to a trial date, "December 4, 1964, at 9:00?" and Dulsky's counsel replied, "Satisfactory, Your Honor. Is it Division 64?" Not only did counsel on November 16 neither demand that the trial be had on that day nor object to the date of December 4, 1964, for trial, but affirmatively stated that the latter date was "satisfactory." Where, in the presence of a defendant and his counsel, a criminal case is set for trial beyond the statutory period and no objection is then made thereto, defendant thereby consented to the date set for trial and waived his rights under section 1382, Penal Code. (*People* v. *Wade*, 215 Cal.App.2d 49, 51 [29 Cal.Rptr. 822].) The purpose of an objection to a trial date beyond the statutory period is to give the trial court an opportunity to fix an earlier date for the trial. (*People* v. *Contrerai*, 172 Cal.App.2d 369, 371 [341 P.2d 849].) While November 16 was the last day of the 45-day period, had Dulsky objected to the later date or demanded a trial on November 16, the judge could have started the same sometime during the day or transferred the cause to another court for that purpose.

Further, appellant's failure to object to a later trial or to demand a trial on November 16, 1964, constituted a waiver of his right to a speedy trial. (*Cody* v. *Justice Court*, 238 Cal. App.2d 275, 285-290 [47 Cal.Rptr. 716].) In *People* v. *Wilson*, 60 Cal.2d 139 [32 Cal.Rptr. 44, 383 P.2d 452], the Supreme Court declared, "The right to a speedy trial, furthermore, will be deemed waived unless the defendant *both* objects to the date set *and* thereafter files a timely motion to dismiss. Such a rule is the logical consequence of the fact that the objection and the motion to dismiss serve different purposes; and it is the rule laid down by the California decisions. To begin with, it is settled that 'When a defendant fails to *object at the time a cause is set for trial* beyond the statutory period, consent is presumed.' (Italics added.) [Citations.] The twofold purpose of this requirement is well explained in *People* v. *Lind* (1924) 68 Cal.App. 575, 579 [2] [229 P. 990] : 'First, by calling attention of the trial court to the facts upon which the objection is founded, it may serve to procure an

earlier trial of the defendant and thus earlier end his durance or encompass his conviction. Second, the objection must be made as a forerunner to a motion to dismiss, for it has been uniformly determined that on appeal an order denying the motion will be affirmed if the record does not show that the objection was made.' [Citations.] '' (Pp. 146-147.)

Moreover, the record discloses that the delays in the proceeding were caused primarily by appellant's conduct—his requests for continuance for plea, and his demurrer; this hardly qualifies him for a dismissal for delay in bringing him to trial. (*Cody* v. *Justice Court*, 238 Cal.App.2d 275, 285-290 [47 Cal.Rptr. 716] ; *People* v. *Burch*, 196 Cal.App.2d 754, 765 [17 Cal.Rptr. 102].) In fact, the court in *People* v. *Harrison*, 182 Cal.App.2d 758, 759 [6 Cal.Rptr. 345], held that the days of postponement requested by the defendant must be deducted in determining the statutory period. After entering a guilty plea he returned to court and upon his request was allowed to withdraw the same; at his further request, the plea was continued for nine days; on the eighth day, his counsel asked for another postponement for plea which was granted; then he demurred to the complaint. Had appellant not asked for the two continuances and not interposed his demurrer he would have entered his plea at least by October 13, 1964, and no doubt would have been tried well within the statutory period.

The fallacy of appellant's argument that the fact that he moved to dismiss on November 16 indicated a continuing objection to a trial beyond that date, was pointed out by the superior court judge denying the petition. Said he—there might be ''any number of reasons'' why Dulsky did not want to go to trial on November 16, 1964; he may ''very well have wanted to go beyond that date for the purpose of getting a writ,'' or ''because he was not ready to go to trial,'' or for some other reason did not want to go to trial on November 16. This is entirely consistent with the postponements instituted by appellant. Had Dulsky been in good faith in wanting the case tried within the 45-day limit, he could well have appeared immediately (November 10) after his counsel was notified of the overruling of the demurrer and the setting of November 17 for plea, and then and there (November 10) requested an earlier trial. Too, when his motion to dismiss was denied on the morning of November 16 and he entered his plea, he could, and should have demanded a trial then; it is reasonable to assume that had Dulsky done so, the judge would either have

begun the trial on that day or transferred the case to another court for trial to begin that afternoon.

 ▮ Appellant finally contends that the continuance of the hearing on the demurrer was at the request of the city attorney's office and the court on its own motion submitted the matter for later decision; thus, the court did not comply with section 1006, Penal Code, in failing to rule immediately upon the points raised on the demurrer and enter in its minutes the facts required for the continuances. Section 1006 provides: "Upon the demurrer being filed, the argument upon the objections presented thereby must be heard immediately, unless for exceptional cause shown, the court shall grant a continuance. Such continuance shall be for no longer than the ends of justice require, and the court shall enter in its minutes the facts requiring it."

On October 13, 1964, when the deputy present requested a continuance of the argument on the demurrer to November 4, 1964, because the deputy handling the case was then on his honeymoon, appellant's counsel not only did not demand an immediate hearing on the demurrer and object to the continuance but consented thereto, and said nothing then or later—on the argument (November 4), when notified of the court's ruling (November 10), on November 16 or on December 4—concerning the trial court's failure to enter the reason for the continuance in the minutes. The objection he now urges was never made to the municipal court; the court was never afforded the opportunity to deny the deputy's request and immediately hear argument on the demurrer, or to record the reason for the continuance in its minutes, for the alleged omission was never called to its attention. Having been raised for the first time, on this appeal, we will not consider appellant's present objection. (*People* v. *Smith*, 96 Cal.App. 373, 380 [274 P. 451]; *People* v. *Mack*, 197 Cal.App.2d 574, 580 [17 Cal. Rptr. 425].)

For the foregoing reasons the judgment is affirmed.

Wood, P. J., and Fourt, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 13, 1966.