Opinion
ASHBY, Acting P. J.
Appellant Robert Byrd appeals after being convicted on one count of grand theft (Pen. Code, § 487, subd. 1), five counts of willfully passing insufficient fund checks (Pen. Code, § 476a, subd. (a)), and one count of petty theft (Pen. Code, § 484, subd. (a)). We affirm and remand for sentencing.
Introduction
Appellant’s convictions arose from his actions between August 2, 1987, and August 27, 1987. During this time, appellant wrote numerous checks drawn on two bank accounts, one at City National Bank and one at Bank of Los Angeles. At the time he wrote the checks appellant knew there were insufficient funds in the accounts to cover the checks and all “bounced.” Four of the checks, totalling $995.44, were used to pay for a room at the Le Dufy Hotel.
The grand theft conviction related to the taking from the Le Dufy; the petty theft conviction related to the loss City National Bank suffered; and the other convictions (five counts) related to the passing of bad checks.
*507 Where relevant to the legal issues, other facts are discussed below.
Appellant raises numerous issues. In the published portion of this opinion (pt. II) we determine that the court’s failure to inform appellant, a defendant representing himself, of his right to a speedy trial (Pen. Code, § 1382, subd. (d)) does not necessitate reversal.
In the unpublished portions of this opinion (pts. I, III, IV, and V), we conclude that: (pt. I) appellant’s waiver of counsel was knowingly and intelligently made (Faretta v. California (1975) 422 U.S. 806 [45 L.Ed.2d 562, 95 S.Ct. 2525]); (pt. Ill) the court did not err in failing to instruct with CALJIC Nos. 2.01 and 2.02; (pt. IV) there was no reversible error in not instructing on the defense of reasonable expectation of payment (CALJIC No. 15.28); and (pt. V) Penal Code section 654 prohibits consecutive sentences on some of the counts.[1]
Part I*
(Faretta Issue)
Part II

(Speedy Trial Issue)

Appellant asserts reversal is mandated because the court failed to explicitly inform him of his speedy trial rights. (Pen. Code, § 1382, subd. (d).)[3] We are not persuaded by this assertion.
In order to provide defendants with their constitutional right to a speedy trial, Penal Code section 1382 states that defendants shall be brought to trial within 60 days after the occurrence of specified events, such as filing of the information. If a defendant consents to a trial past 60 days and then *508 expresses opposition to any additional continuances, the case must be brought to trial within 10 days.[4]
Penal Code section 1382, subdivision (d) mandates that courts inform defendants appearing without representation of their speedy trial rights. This would include informing defendants of their rights pursuant to that entire section.[5]
After a matter has proceeded to trial, defendants, asserting the right to speedy trial was violated, must show not only that the court erred, but also that prejudice resulted. (People v. Johnson (1980) 26 Cal.3d 557, 574 [162 Cal.Rptr. 431, 606 P.2d 738, 16 A.L.R.4th 1255]; People v. Cory (1984) 157 Cal.App.3d 1094, 1098 [204 Cal.Rptr. 117].) This rule of harmless error is applicable to defendants in propria persona as well as those represented by counsel. (Cal. Const., art. VI, § 13.) Here, appellant fails to demonstrate prejudice from any purported failure by the trial court to advise him of his speedy trial rights.
Cases discussing the court’s failure to explain speedy trial rights are usually in the context of writ proceedings dealing with misdemeanor charges. These cases conclude that the purpose of mandating that courts inform defendants of their speedy trial rights is to “insure that a defendant without counsel would not waive [the defendant’s] right to a speedy trial through ignorance or oversight . . . .” (In re Smiley, supra, 66 Cal.2d at p. 630.) The court must inform defendants of their rights under this section as well as the effect of their consent. (Hill v. Municipal Court (1962) 206 Cal.App.2d 257, 260 [24 Cal.Rptr. 34].) An in propria persona defendant who does not receive an explanation of the defendant’s rights does not waive *509 such rights by failing to object below (In re Smiley, supra, 66 Cal.2d at pp. 631-632) or by failing to object after counsel is appointed. (Brewer v. Municipal Court (1961) 193 Cal.App.2d 510, 516 [14 Cal.Rptr. 391]; In re Bishop (1962) 201 Cal.App.2d 604, 609 [20 Cal.Rptr. 186].) Further, the record must indicate the court complied with its obligations; a “mere entry in the court’s docket” (Burns v. Municipal Court (1961) 195 Cal.App.2d 596, 598 [16 Cal.Rptr. 64]) is not sufficient to show consent.
Count VII of the information was a misdemeanor charge of violating Penal Code section 484, subdivision (a), petty theft. The information was filed on February 19, 1988; trial commenced on October 3, 1988. (lc) Appellant asserts he was prejudiced because had he been informed of his speedy trial rights, the case would have been dismissed and the one-year statute of limitations applicable to misdemeanors (Pen. Code, § 802, subd. (a)) would have barred the refiling on this count.
Contrary to appellant’s claim, the one-year statute of limitations did not bar refiling the misdemeanor count. If prosecution is pending in a court of this state against the same person for the same offense the statute of limitations is tolled. (Pen. Code, § 803, subd. (b);[6] People v. Masry (1986) 179 Cal.App.3d 1149, 1151-1152 [225 Cal.Rptr. 174]; Harris v. Superior Court (1988) 201 Cal.App.3d 624, 630 [247 Cal.Rptr. 620].) Thus, during the pendency of the prosecution, the statute of limitations in this matter was tolled for all charges originally filed, including the misdemeanor count. Had the matter been dismissed, all of the charges, including the misdemeanor count, could have been refiled.[7] (Cf. People v. Masry, supra, 179 Cal.App.3d 1149.)
Parts III-V*
*510 Disposition
The matter is remanded to the trial court for sentencing consistent with the views expressed herein, and otherwise affirmed.
Boren, J., and Grignon, J., concurred.
Appellant’s petition for review by the Supreme Court was denied November 26, 1991.

Because we are remanding to the trial court for sentencing, we need not address appellant’s contention that the court erred in failing to state reasons justifying the imposition of consecutive sentences. We also leave to the trial court upon resentencing to assure any newly imposed sentence does not violate the double-the-base-term limitation of Penal Code section 1170.1, subdivision (g). (People v. Stevens (1988) 205 Cal.App.3d 1452 [253 Cal.Rptr. 173].)
Citing no authority, appellant has requested we modify the abstracts of judgments in three other matters. However, we may only deal with this matter, as it is this judgment from which appellant appeals. (Pen. Code, § 1237.)

See footnote, ante, page 806.

We have granted appellant’s motion requesting judicial notice and augmentation of the record.

Penal Code section 1382 states in pertinent part:
“The court, unless good cause to the contrary is shown, shall order the action to be dismissed in the following cases:
“(b) When a defendant is not brought to trial in a superior court within 60 days after the finding of the indictment or filing of the information or, in case the cause is to be tried again following a mistrial, an order granting a new trial . . . except that an action shall not be dismissed under this subdivision if it is set for trial on a date beyond the 60-day period at the request of the defendant or with the defendant’s consent, express or implied, or because of the defendant’s neglect or failure to appear and if the defendant is brought to trial on the date so set for trial or within 10 days thereafter. . . .”

Penal Code section 1382, subdivision (d) states: “If the defendant is not represented by counsel, the defendant shall not be deemed under this section to have consented to the date for the defendant’s trial unless the court has explained to the defendant his or her rights under this section and the effect of his or her consent.” This section was added to the statutory scheme in 1987. (Stats. 1987, ch. 577, § 1.) Except for modifications which make the provision sex neutral, it is identical to provisions contained in the last paragraph of former Penal Code section 1382 since 1959. (See, In re Smiley (1967) 66 Cal.2d 606, 629 [58 Cal.Rptr. 579, 427 P.2d 179].)

Penal Code section 803, subdivision (b) reads: “No time during which prosecution of the same person for the same conduct is pending in a court of this state is a part of a limitation of time prescribed in this chapter."

Penal Code section 1387 also fails to support the assertion that the misdemeanor count could not be refiled. Generally, section 1387 bars the refiling of misdemeanor charges which are not joined with felony counts if they were terminated because of a failure to abide by the requirements of Penal Code section 1382. (In re Smiley, supra, 66 Cal.2d at p. 632; Avila v. Municipal Court (1983) 148 Cal.App.3d 807, 812 [196 Cal.Rptr. 286].) However, if a misdemeanor charge is joined with felony counts, as occurred in the instant matter, the state is not prevented from refiling the charges unless the charges have been previously dismissed, i.e., if the charges are twice terminated. (Pen. Code, § 1387.) Therefore, had appellant been aware of his speedy trial rights and the matter dismissed, Penal Code section 1387 would not have precluded refiling the misdemeanor count as it was joined with felony counts and it had not previously been terminated.

See footnote, ante, page 806.