Filed 3/19/25  P. v. Walton CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>TYLER JAMES WALTON,<br><br>    Defendant and Appellant. | F087003<br><br>(Super. Ct. No. CR-23-000530)<br><br>Stanislaus County |

APPEAL from a judgment of the Superior Court of Stanislaus County.  Robert B. Westbrook and Linda McFadden, Judges.*

Jared G. Coleman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Christopher J. Rench, and Kelly E. LeBel, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*      Judge Westbrook presided over the preliminary hearing; Judge McFadden presided over the trial and sentencing hearing.

## INTRODUCTION

In 2023, a jury convicted appellant Tyler James Walton of two misdemeanors: (1) simple assault (Pen. Code, § 240;[1] count 1) and vehicular hit and run (Veh. Code, § 20002, subd. (a); count 2).[2] Appellant was placed on informal probation for 12 months, and he was ordered to serve 45 days in jail.

Appellant contends that this prosecution was untimely, and his two misdemeanor convictions must be reversed due to a violation of the statute of limitations. We reject appellant's claim and affirm.

## BACKGROUND

Appellant does not challenge the sufficiency of the evidence supporting his two misdemeanor convictions. In general, the People established the following at trial.

On September 5, 2021, appellant merged onto a highway and another motorist, Damian Mulgado, believed appellant cut him off. Appellant and Mulgado exited the highway. When both vehicles were stopped at an intersection, a passenger in Mulgado's vehicle exited that car, and he threw a wrench at one of the windows of appellant's truck. Both vehicles drove away. A short time later, appellant drove his truck into the back of Mulgado's vehicle, causing damage.

Mulgado pulled over, but appellant drove away from the accident scene. A police officer saw the accident occur, and the officer believed appellant was trying to flee. The officer pursued appellant, who was detained.

## DISCUSSION

### I. A Chronology of this Prosecution.

Appellant committed these crimes on September 5, 2021. Three days later, a criminal complaint was filed against him that alleged two counts of felony assault with a

---

[1] All future statutory references are to the Penal Code unless otherwise noted.

[2] The jury acquitted appellant of a third charge, misdemeanor resisting, delaying or obstructing a peace officer (§ 148, subd. (a)(1); count 3).

deadly weapon, one count of felony hit and run,[3] and one count of misdemeanor resisting a public officer. In count 1, the assault allegation named Mulgado, the driver of the other vehicle, as the victim. The original criminal complaint was filed in case number CR-21-008299.

On February 24, 2022, appellant was arraigned, and he entered pleas of not guilty.

The original prosecution in case number CR-21-008299 was pending until December 1, 2022. On that date, the court granted the prosecutor's request to dismiss the matter without prejudice. The prosecutor made it clear that new charges would be filed against appellant.

On January 19, 2023, the prosecution filed a new criminal complaint against appellant in case number CR-23-000530. The face of this second complaint stated it was a "REFILE OF CR-21-008229" and the second complaint realleged the same four counts against appellant that appeared in the original complaint. The felony assault allegation in count 1 again named Mulgado as the victim.

On February 10, 2023, appellant was arraigned in the second criminal case. He pleaded not guilty to all the charges.

On July 24, 2023, an information was filed with the same four charges.

On September 12, 2023, an amended information was filed. Appellant was charged with a single count of felony assault with a deadly weapon with Mulgado as the victim (count 1), misdemeanor hit and run (count 2), and misdemeanor resisting arrest (count 3). A jury trial commenced that same day.

On September 20, 2023, the jury found appellant guilty in count 1 of simple assault (§ 240) as the lesser included offense of the charged felony. Appellant was also

---

[3] The complaint erroneously states that appellant was charged with a *felony* violation of Vehicle Code section 20002, subdivision (a). Vehicle Code section 20002 is a misdemeanor offense. (Veh. Code, § 20002, subd. (c).)

found guilty in count 2 of misdemeanor hit and run (Veh. Code, § 20002, subd. (a)). He was acquitted in count 3.

## II.     Appellant's Misdemeanor Convictions were not Time Barred.

"In California, the statute of limitations in criminal cases is jurisdictional." (*People v. Lopez* (1997) 52 Cal.App.4th 233, 244.) The prosecution bears the burden of proving the offense was committed within the applicable limitations period. (*Id.* at pp. 248–249.)

"The statute of limitations for a felony offense is three years plus any tolling. (§§ 801, 803, subd. (c).) The statute of limitations for a misdemeanor is generally one year and tolling does not apply. (§§ 802, subd. (a), 803, subd. (c).) This shorter statute of limitations applies even when the misdemeanor is a lesser included offense of an offense that was charged as a felony. (§ 805, subd. (b) ['The limitation of time applicable to an offense that is necessarily included within a greater offense is the limitation of time applicable to the lesser included offense, regardless of the limitation of time applicable to the greater offense'].)" (*People v. Meza* (2019) 38 Cal.App.5th 821, 825.)

The People are required to prosecute a defendant in one criminal action on both felony and misdemeanor offenses arising out of the same transaction. (*People v. Crowder* (2000) 79 Cal.App.4th 1365, 1370.) Tolling occurs when a prosecution against the same person for the same criminal conduct is pending in a California court. (§ 803, subd. (b).)

In *People v. Hamlin* (2009) 170 Cal.App.4th 1412 (*Hamlin*), an initial complaint filed in 2004 included felony child abuse charges based on the same conduct as a subsequent 2005 indictment that led to misdemeanor convictions. The appellate court held that, because the earlier prosecution was based on the same criminal conduct, the statute of limitations was tolled during the pendency of the initial charges, rendering the misdemeanor convictions timely and not barred by the statute of limitations. (*Id.* at pp. 1441–1442.)

4.

Here, appellant committed these crimes on September 5, 2021. As a result, he argues that the second criminal matter—case number CR-23-000530—was untimely because it was filed in 2023. He contends that his two misdemeanor convictions (simple assault and hit and run) must be reversed because they "are time-barred." Respondent disagrees, asserting that this prosecution was commenced within the limitations period because the original action tolled the matter for 280 days.

We agree with respondent, and we reject appellant's position. Respondent has demonstrated that this prosecution was timely.

The original criminal matter—case number CR-21-008299—was filed three days after appellant committed these crimes. Appellant was arraigned on February 24, 2022. This prosecution commenced upon arraignment. (See § 804, subd. (c).) The original prosecution was timely, both for the misdemeanor and felony counts. (See §§ 801, 802, subds. (a) & (b).)

The prosecutor was permitted to dismiss the original felony and misdemeanor charges and refile them. (§ 1387, subd. (a); see also *People v. Byrd* (1991) 233 Cal.App.3d 806, 811, fn. 7.) The original action was pending for approximately 280 days before it was dismissed without prejudice on December 1, 2022.

In January 2023, the prosecution filed the second criminal complaint against appellant in case number CR-23-000530. The second criminal complaint was identical to the original action. The same felony and misdemeanor charges were brought against appellant involving the same criminal conduct. On February 10, 2023, appellant was arraigned in the second criminal case.

There were approximately 461 days from when appellant committed these crimes on September 5, 2021, until he was arraigned in the second criminal case on February 10, 2023. Because appellant was prosecuted in both actions for the same criminal conduct, the time during the first prosecution was excluded from the limitations period, including the misdemeanor charges. (See § 803, subd. (b); *People v. Byrd, supra,* 233 Cal.App.3d

5.

at p. 811.) Subtracting the 280 days during the pendency of the original action, it is apparent that the statute of limitations was not violated for the misdemeanor convictions. Accordingly, appellant's misdemeanor convictions were not time barred. (See *Hamlin, supra,* 170 Cal.App.4th at pp. 1441–1442 [misdemeanor child abuse convictions were not time barred because filing of felony charges based on same conduct tolled the statute of limitations].)

Based on this record, appellant's arguments lack merit. We reject his contention that his misdemeanor convictions must be reversed.[4]

## DISPOSITION

The judgment is affirmed.

LEVY, Acting P. J.

WE CONCUR:

MEEHAN, J.

DE SANTOS, J.

---

[4] Because appellant's claim fails on its merits, we do not address whether or not he forfeited this claim.