[Crim. No. 837. Fifth Dist. June 15, 1971.]

THE PEOPLE, Plaintiff and Respondent, v.
WILLIAM ARCHIE FAIN, Defendant and Appellant.

**140**

## COUNSEL

Robert R. Coffin, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, and Evelle J. Younger, Attorneys General, Edsel W. Haws and Charles P. Just, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**GARGANO, J.**—In 1967, appellant was convicted of murder in the first degree, numerous counts of forcible rape, kidnaping, attempted kidnaping and forcible sex perversion; as to the murder count, the jury fixed the punishment at death, but because of violations of the mandate of *Witherspoon* v. *Illinois,* 391 U.S. 510 [20 L.Ed.2d 776, 88 S.Ct. 1770], the California Supreme Court reversed the judgment in part and remanded the cause to the Superior Court of Stanislaus County for a new trial on the penalty phase. (*People* v. *Fain,* 70 Cal.2d 588 [75 Cal.Rptr. 633, 451 P.2d 65].) Thereafter appellant moved for a change of venue, and his motion was denied. He petitioned this court for a writ of mandate to compel the superior court to grant his motion, and the petition was denied. Appellant's petition for writ of mandate directing a change of venue for the retrial on the penalty issue was ultimately granted by the Supreme Court (*Fain.* v.

*Superior Court,* 2 Cal.3d 46 [84 Cal.Rptr. 135, 465 P.2d 23]). In the meantime appellant escaped from the Stanislaus County jail.

Appellant's escape from jail was effected as follows: As Deputy Sheriff Abernathy was returning two inmates, Drummond and Newton, from the first floor to their second floor cells, Drummond produced a serrated knife, put his arms around Abernathy's waist and threatened to kill him unless he opened the doors to the cells of several other prisoners. Abernathy complied and released appellant and three more inmates; appellant was also armed with a knife. Then Drummond took the keys from the officer and again threatened Abernathy's life and told him that one of the other inmates had a knife. The six inmates proceeded to the elevator and descended to the first floor. On the first floor appellant went directly to the gun lockers and searched them while the others overpowered Deputy Wilson; a sap was taken from the officer. At knife point the inmates forced Wilson to open the outside door and then escaped. Appellant ran across the street into an alley and spent the rest of the night on top of a building. The following day appellant stole an automobile from a parking lot and drove out of the area. He was recaptured that night and subsequently charged with escape, kidnaping and two counts of armed robbery.

Appellant pled not guilty to all counts but later withdrew his plea of "not guilty" on the escape charge and entered a plea of guilty on that count. After jury trial appellant was found guilty on all remaining counts, and this appeal followed.

### Change of Venue

Appellant's counsel did not move for a change of venue nor present evidence to demonstrate that because of the dissemination of potentially prejudicial material it was unlikely that his client could receive a fair trial in Stanislaus County on the escape charges. On the day of the trial counsel reminded the trial judge that appellant's petition to compel a change of venue on the penalty phase of his murder trial was pending before the appellate court and stated that if the petition were granted appellant would also have grounds to appeal from any adverse verdict reached at the pending escape trial. Then he informed the court that he was ready to go to trial and, without objection, proceeded to select a jury. Appellant now argues that the trial judge should have ordered a change of venue *sua sponte* and, further, that because his trial counsel did not make a timely motion for a change of venue appellant did not receive adequate representation during an important stage of the proceeding.

 It is fundamental that a fair trial means a trial before an impartial tribunal, and it is for this salutary reason that our Supreme Court has

approved the rule that " 'a motion for change of venue or continuance shall be granted whenever it is determined that because of the dissemination of potentially prejudicial material, there is a *reasonable likelihood* that in the absence of such relief, a fair trial cannot be had.' " (*Maine* v. *Superior Court,* 68 Cal.2d 375, 383 [66 Cal.Rptr. 724, 438 P.2d 372].) But the formula adopted by the court is not one to be mechanically applied, and each case must be decided on its own facts. If the aid of an appellate tribunal is invoked, the court must be satisfied de novo on all the exhibits and affidavits that every defendant obtains a fair and impartial trial (*Maine* v. *Superior Court, supra,* at p. 382). As a consequence, a motion in the lower court for a change of venue and the production of relevant evidence in that forum are imperative if not absolutely essential. If the motion is denied, appellate review before actual trial, by a petition for writ of mandate, is the preferable procedure. (*Maine* v. *Superior Court, supra,* at p. 381.)

■ The Achilles heel of appellant's contention that the trial court's failure to order a change of venue compels reversal is in the fallacious assumption that because the Supreme Court, in *Fain* v. *Superior Court, supra,* 2 Cal.3d 46, held that the adverse publicity environing the murder trial made it unlikely that appellant would receive a fair trial on the penalty phase, the high court necessarily held that he could not receive a fair trial on the charges arising from his escape from the county jail. As to the murder case, the Supreme Court was concerned with the adverse publicity appellant received during and after the trial, only insofar as it affected the likelihood of his receiving a fair trial on the penalty phase; the opinion stresses such factors as the press's hostility over the long delays and the Supreme Court's reversal of the penalty phase, appellant's confession to the murder on the witness stand, and the popularity of the murder victim, a local high school student. Furthermore, appellant's escape from the county jail and the fact that he was about to face trial on that charge were known to the court before the *Fain* opinion was filed. Yet the court stated on pages 53-54: "Finally, the Attorney General points out that defendant has now been brought to trial on charges arising out of the escape, and argues that the successful selection of a jury in that case indicates veniremen impartial to defendant can be found in the county. The contention fails to recognize the distinctions between the two proceedings. To begin with, a conviction of escape (Pen. Code, § 4532, subd. (b)) carries far less serious consequences, of course, than a conviction of first degree murder. This is not to say that the *Maine* rule is in any way limited to capital cases, but the gravity of the charge may reasonably be taken into consideration in determining the risk of prejudice. More importantly, in a trial for escape the jury are instructed on precise standards of law by which to decide the issue

of guilt (see, e.g., CALJIC Nos. 961-962); but in the penalty phase of a capital case, as noted above, the jury are vested with absolute discretion to determine which penalty to impose (*In re Anderson* (1968) 69 Cal.2d 613, 622 [73 Cal.Rptr. 21, 447 P.2d 117], and cases cited). Thus jurors who may have read the press acounts of Fain's conduct and perhaps formed opinions on the murder charge could, under proper instructions, objectively decide whether he was guilty of the crime of escape; but such jurors are not reasonably likely to act with total impartiality when called upon to make the essentially subjective determination in weighing the penalties for first degree murder. The test enunciated in *Maine*, it must be remembered, is not a showing of actual prejudice, but whether there is a *reasonable likelihood* that a fair trial cannot be had in the present forum."

■ Arguably, appellant's counsel should have made a timely motion for a change of venue in the lower court, but there is not a scintilla of evidence in the record to substantiate appellant's implied assertion that he did not receive a fair trial on the charges arising from his escape. Insofar as we have been able to ascertain from the record, his counsel succeeded in selecting an impartial jury without even using all of his peremptory challenges. Because a motion for a change of venue was not made in the court below, and because no evidence was presented in that forum, either before, during, or after trial, to show that appellant could not receive a fair trial in Stanislaus County on the charges arising from his escape, we have nothing to review in this appeal. To reverse the judgment we would have to speculate that appellant's trial was reduced to a farce or sham. (*People v. Ibarra*, 60 Cal.2d 460 [34 Cal.Rptr. 863, 386 P.2d 487].) We decline to reverse a judgment on conjecture.

### SUFFICIENCY OF THE EVIDENCE

Appellant challenges the sufficiency of the evidence in several particulars. He makes the following assertions: that the trial court erred in instructing the jury on conspiracy because there was no evidence to prove that he conspired with his fellow-prisoners to commit the jail break; that he did not rob Officers Abernathy and Wilson; that there was no substantial evidence to prove that he aided and abetted the others in committing the robberies; and that his conviction of the crime of kidnaping was wrong as a matter of law.

■ The evidence of a conspiracy was entirely circumstantial, but it was sufficient to warrant the instruction which the court gave to the jury even though no conspiracy was charged (*People v. Washington*, 71 Cal.2d 1170 [81 Cal.Rptr. 5, 459 P.2d 259]). The escape was accomplished quickly, quietly and efficiently, indicating a preconceived plan. When

Drummond overpowered Deputy Abernathy and forced the officer to open the other cells, the prisoners came out unhesitatingly and without confusion; appellant, like Drummond, was armed with a knife, and Drummond had warned Abernathy that his fellow-prisoner had a knife. After the prisoners came out of their cells, in a matter of minutes and without conversation, they proceeded from the second floor to the first floor and took immediate command of the situation; appellant searched the gun lockers while his companions overpowered Wilson and disarmed him. Then the prisoners, acting in concert, forced Wilson to open the outside door and escaped. ■ It is settled that to prove a criminal conspiracy, it need not be shown that the parties met and actually agreed to jointly undertake criminal action; the conspiracy may be shown by direct or circumstantial evidence that the parties positively or tacitly came to a mutual understanding so as to accomplish the act and unlawful design (*People* v. *Calhoun,* 50 Cal.2d 137, 144 [323 P.2d 427]).

■ For essentially the same reasons, there was sufficient evidence to support the jury's verdicts on the counts of robbery.

■ We reverse the judgment on the count of kidnaping. The offense was predicated on the fact that Officer Wilson was moved from the booking area to the door leading to the outside; however, the officer was forced to move only a few feet, and the movement was incidental to the escape and did not substantially increase the risk of harm over and above that necessarily present in that offense (*People* v. *Daniels,* 71 Cal.2d 1119, 1139 [80 Cal.Rptr. 897, 459 P.2d 225]).

## The Sentencing

Appellant contends that he was improperly sentenced because he was given a separate sentence on the car theft and because the court did not order that all sentences imposed in connection with his escape were to merge with the life sentence imposed on his murder conviction as required by Penal Code section 669. ■ This section reads in pertinent part as follows: "When any person is convicted of two or more crimes, . . . the second or other subsequent judgment shall direct whether the terms of imprisonment or any of them to which he is sentenced shall run concurrently, or whether the imprisonment to which he is or has been sentenced upon the second or other subsequent conviction shall commence at the termination of the first term of imprisonment to which he has been sentenced, or at the termination of the second or subsequent term of imprisonment to which he has been sentenced, as the case may be; provided, however, if the punishment for any of said crimes is expressly prescribed to be life imprisonment, whether with or without possibility of parole, then

the terms of imprisonment on the other convictions, whether prior or subsequent, shall be merged and run concurrently with such life term."

■ There is no merit to either contention. The escape was perfected before appellant stole the vehicle; the escape and the theft were two separate acts, and the separate sentence was proper (*In re Hayes,* 70 Cal.2d 604, 605 [75 Cal.Rptr. 790, 451 P.2d 430]). ■ Because appellant is still awaiting trial in the Superior Court of Sacramento County on the penalty phase of his murder conviction, if he is given a life sentence it will be up to the Sacramento Superior Court to order the merger (*In re Nafe,* 237 Cal.App.2d 809, 811 [47 Cal.Rptr. 457]).

The judgment as to count IV, kidnaping, is reversed. As to all other counts, the judgment is affirmed.

Stone, P. J., and Brown (G. A.), J., concurred.