[Civ. No. 31046. First Dist., Div. One. June 26, 1972.]

RANDOLPH A. HANKLA, Petitioner, v.
THE MUNICIPAL COURT FOR THE CENTRAL JUDICIAL
DISTRICT OF SONOMA COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

344

COUNSEL

Robert Y. Bell, L. Stephen Turer and James M. Barrett for Petitioner.

Evelle J. Younger, Attorney General, Herbert L. Ashby, Chief Assistant Attorney General, Doris H. Maier, Assistant Attorney General, Joyce F. Nedde and Herbert F. Wilkinson, Deputy Attorneys General, for Respondent and for Real Party in Interest.

OPINION

**SIMS, J.**—Petitioner, the defendant in criminal proceedings pending in the Municipal Court for the Central Judicial District of the County of Sonoma, filed a petition for writ of prohibition and/or mandamus in which he sought an alternative writ of prohibition restraining that court from taking any further proceedings in the pending action until further order of this court, a peremptory writ of prohibition prohibiting any such proceedings, and alternative and peremptory writ of mandamus directed to requiring that court to dismiss the criminal action against petitioner, or, in the alternative to grant petitioner a change of venue. He contends that he has been denied a speedy trial because the municipal court failed to set his retrial within 30 days after a mistrial was declared as required by subdivision 3 of section 1382 of the Penal Code,[1] that the municipal court erred in failing to dismiss the pending charge because further prosecution of that charge subjects him to multiple prosecution in violation of the provisions of section 654 of the Penal Code,[2] and that the municipal court erred in denying his

---

[1] Section 1382 of the Penal Code provides in pertinent part: "The court, unless good cause to the contrary is shown, must order the action to be dismissed in the following cases:

". . . . . . . . . . . . . . . . . . .

"3. Regardless of when the complaint is filed, when a defendant in a misdemeanor case in an inferior court is not brought to trial within 30 days after he is arraigned if he is in custody at the time of the arraignment, or in all other cases, within 45 days after his arraignment or in case the cause is to be tried again following a mistrial . . . within 30 days after such mistrial has been declared . . . except that an action shall not be dismissed under this subdivision (1) if it is set for trial on a date beyond the prescribed period at the request of the defendant or with his consent express or implied, and the defendant is brought to trial on the date so set for trial or within 10 days thereafter or (2) if it is not tried on the date set for trial because of the defendant's neglect or failure to appear, . . ."

[2] Section 654 of the Penal Code provides in pertinent part: "An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one; an acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other."

motion for change of venue because the publicity attendant to his arrest and prosecution for the pending charge and other related charges renders it unlikely that he can secure a fair trial within the jurisdiction where the action is pending. This court issued an alternative writ of prohibition, which stayed further proceedings, and the matter has been submitted on the petition, the People's opposition thereto (see Cal. Rules of Court, rule 56(b)), petitioner's supplemental memorandum, and the People's return to the alternative writ.

The principal issue is whether an amended complaint, which was filed after the petitioner's first trial ended in a mistrial, served to initiate a new 45-day period in which the defendant could be brought to trial. (See Pen. Code, § 1382, fn. 1 above.) It is concluded that under the circumstances of this case, the amendments actually made did not serve to do so, that the defendant was denied a speedy trial, and that a peremptory writ of mandate must issue ordering the municipal court to dismiss the pending charge.

Although the foregoing conclusion renders petitioner's other contentions moot, since the facts and issues relating to his alleged multiple prosecution and claim of inability to get a fair trial bear in part on the principal issue, those facts and contentions are also reviewed.

On March 20, 1971 petitioner was arrested for driving a vehicle upon a public highway while under the influence of intoxicating liquor in violation of subdivision (a) of section 23102 of the Vehicle Code. A complaint charging him with that offense was filed in respondent court on March 22, 1971. Apparently as the result of an investigation following his arrest, a second complaint was filed on April 1, 1971. This complaint charged in one count that petitioner on January 6, 1971 lewdly exposed his person and private parts in a public place where there was another person to be offended and annoyed thereby in violation of section 314 of the Penal Code, and in a second count that on March 20, 1971 (the day of his arrest on the Vehicle Code charge) he violated section 272 of the Penal Code in that he caused a named individual, of the age of 19 years, to place his hand on the penis of the petitioner which act tended to encourage that individual to come within the provisions of section 601 of the Welfare and Institutions Code, to wit: to become and remain a minor person who is leading or in danger of leading an idle, dissolute and immoral life.[3]

---

[3]Penal Code section 272 then provided in pertinent part: "Every person who commits any act or omits the performance of any duty, which act or omission causes or tends to cause or encourage any person under the age of 21 years to come within the provisions of Sections 600, 601, or 602 of the Welfare and Institutions Code or which act or omission contributes thereto, or any person who, by any act or omission,

According to the newspaper clippings tendered in support of petitioner's claim for a change of venue, on May 27, 1971 petitioner's first motion for change of venue on the sex charges was denied. He did, however, obtain an order severing the two charges in the second complaint. Trial on the first count was set for June 29, 1971,[4] and trial on the second count was continued to September 14, 1971.

On June 9, 1971 petitioner moved the department of the respondent court in which the second count, violation of Penal Code section 272, was pending for consolidation of that trial with the trial on the Vehicle Code violation, which was pending in the second and sole other department of the court. That motion was resisted by the district attorney and was argued but not decided on June 11, 1971. That afternoon petitioner, who had a blood alcohol test of .20 percent at the time of his arrest, appeared in the second department and entered a plea of guilty to the

---

or by threats, commands, or persuasion, induces or endeavors to induce any person under the age of 21 years or any ward or dependent child of the juvenile court to fail or refuse to conform to a lawful order of the juvenile court, or to do or to perform any act or to follow any course of conduct or to so live as would cause or manifestly tend to cause any such person to become or to remain a person within the provisions of Sections 600, 601, or 602 of the Welfare and Institutions Code, is guilty of a misdemeanor . . . ."

Welfare and Institutions Code section 601 then provided in pertinent part: "Any person under the age of 21 years . . . who from any cause is in danger of leading an idle, dissolute, lewd, or immoral life, is within the jurisdiction of the juvenile court which may adjudge such person to be a ward of the court."

In 1971 by chapter 1748, Statutes of 1971, adopted December 14, 1971, and effective March 4, 1972, the Legislature changed the age of majority to 18 years of age for most purposes. The act provides in part, "Section 1. Except for the provisions relating to the minimum voting age, the provisions relating to minimum age for the sale, purchase or consumption of alcoholic beverages, the provisions relating to the sentencing and commitment of persons to the Department of the Youth Authority, or the provisions relating to veterans' benefits, whenever, in any provision of law, the term '21 years of age' or any similar phrase regarding such age appears, it shall be deemed to mean '18 years of age.' "

Sections 64 through 66 amend sections 600 through 602 of the Welfare and Institutions Code to reduce the maximum age of those subject to the Juvenile Court Law from "under the age of 21 years" to "under the age of 18 years."

Since these amendments were not effective at the time the current proceedings were initiated, the parties have not discussed their effect on the pending prosecution. (See Gov. Code, § 9708; 1 Witkin, Cal. Crimes (1963) § 35, p. 39. Cf. *People* v. *Harmon* (1960) 54 Cal.2d 9, 20-27 [4 Cal.Rptr. 161, 351 P.2d 329]; and *People* v. *Davis* (1924) 67 Cal.App. 210, 214-215 [227 P. 494] with *Bell* v. *Maryland* (1964) 378 U.S. 226, 230-234 [12 L.Ed.2d 822, 826-828, 84 S.Ct. 1814]; *In re Dapper* (1969) 71 Cal.2d 184, 188-191 [77 Cal.Rptr. 897, 454 P.2d 905]; and *In re Estrada* (1965) 63 Cal.2d 740, 746-748 [48 Cal.Rptr. 172, 408 P.2d 948].) Since this case is otherwise disposed of it is unnecessary to resolve the question in these proceedings.

[4]The same clippings reflect that the trial on the first count commenced as scheduled and that on July 6, 1971 the jury returned a verdict acquitting petitioner of the offense allegedly committed January 6, 1971.

Vehicle Code violation in return for a recommendation, followed by the court, that one-half of the usual fine be suspended. In the course of these proceedings, the district attorney sought a waiver of any rights the defendant might have to raise the question of multiple prosecution under the remaining charge of violation of Penal Code section 272, and the court refused to require such a waiver because it had not been bargained for. The judge indicated that there had been a prior motion concerning consolidation of the trials in his department and that he was of the opinion that compulsory joinder, to prevent multiple prosecution, did not apply.

On August 2, 1971 petitioner moved for dismissal of the pending Penal Code section 272 charge on the grounds that further prosecution after disposition of the Vehicle Code charge would constitute prohibited multiple prosecution. (See *Kellett* v. *Superior Court* (1966) 63 Cal.2d 822, 825-827 [48 Cal.Rptr. 366, 409 P.2d 206]; and Pen. Code, § 654, fn. 2 above; and § 954.) On September 2, 1971 that motion was denied.

According to a clipping submitted by petitioner, on September 10, 1971 the trial date was continued to October 13, 1971 on motion of the petitioner when his attorney represented that he was undergoing surgery and sought time to interpose a motion for change of venue and to seek review of the order denying petitioner's motion to dismiss.

On September 20, 1971 petitioner interposed a motion for change of venue which was denied.

Thereafter, petitioner filed a petition for a writ of prohibition and/or mandamus with the Superior Court for the County of Sonoma seeking review of the denial of his motion to dismiss and his motion for change of venue and a stay of the trial date. Following hearing on October 7 and 8, 1971 the superior court denied petitioner any relief by order made on the latter date. A petition for an extraordinary writ to review the multiple prosecution issue was denied by the Court of Appeal on October 12, 1971 (1 Civ. 30471, Div. Four), and a petition for hearing in the Supreme Court was dismissed as moot on November 4, 1971 because the trial of the case had already concluded.

The trial which commenced October 13, 1971 terminated on October 22, 1971 in a mistrial, when the jury, which stood 9 to 3 for acquittal, failed to arrive at a verdict. The judge after declaring a mistrial continued the matter to October 29, 1971 for further proceedings.

On October 29 the district attorney filed an amended complaint in three counts. Each count accuses the petitioner of violating section 272 of the Penal Code on March 20, 1971 by words, conduct and acts which "tended

to cause the said [identical named individual], a person under the age of 21 years, to become and remain a minor* who is leading, or is in danger of leading, an idle, dissolute, lewd and immoral life." [*The word person is inserted after minor in the second and third counts.] The first count echoes the charge upon which petitioner was tried but the words "did encourage by words and conduct one [named individual] to place his hand on the penis of the defendant" are substituted for "did wilfully and unlawfully cause one [named individual] to place his hands on the penis of the defendant." The second count alleges that petitioner, as defendant, "did solicit one [named individual] to participate in an act of oral copulation of the defendant's penis"; and the third count charges that he "did take down his pants and expose his person to [named individual]." At the request of petitioner's attorney the matter was continued to November 4, 1971 for plea and the filing of certain motions.

On November 4, 1971 petitioner filed a demurrer and objections to the amended complaint, a motion to strike and set aside the complaint, and a motion to dismiss. The court took these matters under submission for the purposes of legal research and continued the matter until November 15, 1971 for ruling on the motions and for plea.

On November 15 all of petitioner's motions were denied and he entered a plea of not guilty to each count. At his request the matter was continued to November 18 for setting.

Meanwhile the defendant had made a new motion for change of venue. On November 18 that motion was denied. When the court approached the matter of setting a trial date petitioner's attorney advised the court that the petitioner would refuse to waive time. Thereupon the court set the trial for December 21, 1971 and placed the matter on the calendar for confirmation on December 15, 1971. Petitioner's attorney then stated, "Your Honor, at this time for the record we would object to that date set or any date set on this trial on the grounds previously raised in all motions at the first trial in all pretrial motions including the appellate motion and all motions during a trial including but limited to the 1181 motion made; we would also object on the grounds set forth on the motion of dismissal, demur filed in this Court on November 5, on the basis that any trial in this matter would be a violation of the defendant's right to due process and to a fair and speedy right to a trial and the double jeopardy under Penal Code Section[s] 1181, 1382 and 1385." The court overruled all of petitioner's objections.

On November 26, 1971 petitioner served by mail and mailed to the court his notice of motion to dismiss (filed November 29, 1971) on the

grounds that he had not been brought to retrial within 30 days of the declaration of a mistrial, which he computes to be November 22, 1971 by virtue of November 21 being a Sunday. (See *Dulsky* v. *Municipal Court* (1966) 242 Cal.App.2d 288, 290 [51 Cal.Rptr. 381]; and *Cody* v. *Justice Court* (1965) 238 Cal.App.2d 275, 286 [47 Cal.Rptr. 716].) This motion was presented to the court, argued and submitted on December 6, 1971.

On December 15, 1971 the court denied the motion and filed its written order so ruling. The order erroneously recites that no objection was made by petitioner to the trial date of December 21, 1971 when the matter was set for trial on November 18, 1971, and concludes that there was an implied consent to a hearing beyond the statutory period. It further states that the petitioner, by interposing motions for dismissal, change of venue and demurrers, impliedly consented to waive the time for trial, and that the petitioner had made no showing that the 51 days which would elapse between October 22 and December 21 would prejudice him. The order continues, "The continuances previously granted to defendant's counsel for granting defendant the opportunity to file and have considered his pretrial motions was and is good cause within the discretion of the Court to have delayed setting of this case for trial to December 21, 1971. That the known congested trial calendar of the one court available to defendant is further good cause for the trial setting." It concludes that the motion should be denied for the foregoing reasons.

On the same day the petitioner sought a writ of prohibition/mandate in the superior court to review the trial court's orders of December 15 refusing to dismiss the complaint, and the order of November 18 which had denied a change of venue. On January 17, 1972 the court signed and filed its order denying a peremptory writ of mandate, denying a peremptory writ of prohibition, and discharging the alternative writ it had theretofore issued. The recitals of the order indicate that the court ruled that the intervening delays from October 29 through November 18 were fairly chargeable to petitioner because it was either occasioned by motions advanced by petitioner or by continuances requested by him. He further ruled, advancing a contention not theretofore raised in the record, that the filing of the amended complaint rendered applicable the provisions of section 1382 (see fn. 1 above) which provide for trial within 45 days after the arraignment of one accused of a misdemeanor who is not in custody, and that such period only began to run when petitioner entered his plea on November 15, 1971.

On January 20, 1972 petitioner sought reconsideration on the grounds that he had no opportunity to brief or argue the legal theory on which

relief had been denied,[5] and that such theory was erroneous. He also sought a ruling on his alternative prayer for a change of venue. On January 26 the motion for reconsideration was denied, the order of January 17, 1972 was reaffirmed, and the time within which petitioner was to appear for resetting was extended to February 15, 1972 at his request to afford him an opportunity to seek further review of the court's orders.

The petition giving rise to these proceedings was filed on the last day of the period provided by the trial court. Upon advice that the case had been set for March 7, 1972 with a confirmation calendar setting of March 1, 1972, a stay was granted by this court, and was continued when the alternative writ issued on March 24, 1972.

## I

Preliminarily it is noted that the order of the superior court denying petitioner any relief was an appealable order. (See *Patterson* v. *Municipal Court* (1971) 17 Cal.App.3d 84, 86 [94 Cal.Rptr. 449]; *Mellinger* v. *Municipal Court* (1968) 265 Cal.App.2d 843, 845-846 [71 Cal.Rptr. 535]; *Dulsky* v. *Municipal Court, supra,* 242 Cal.App.2d 288, 289; *Cody* v. *Justice Court, supra,* 238 Cal.App.2d 275, 277; *Schindler* v. *Municipal Court* (1962) 203 Cal.App.2d 13, 15 [21 Cal.Rptr. 217]; *Herrick* v. *Municipal Court* (1957) 151 Cal.App.2d 804, 805 [312 P.2d 264]; and 5 Witkin, Cal. Procedure (2d ed. 1971) Extraordinary Writs, § 178, p. 3938; and 6 *id.,* Appeal, § 55, p. 4070.) Neither respondent court nor real party in interest have questioned the propriety of entertaining a petition for an extraordinary writ in this court when an appeal may furnish "a plain, speedy, and adequate remedy, in the ordinary course of law." (See Code Civ. Proc., §§ 1086 and 1103; *Blumenthal* v. *Municipal Court* (1959) 176 Cal.App.2d 865 [1 Cal.Rptr. 757]; *Lambert* v. *Municipal Court* (1959) 174 Cal.App.2d 601, 602 [345 P.2d 98]; *Ogden* v. *Board of Trustees* (1925) 74 Cal.App. 159, 160-161 [239 P. 855]; and Witkin, *op. cit., supra.*)

---

[5]In a supplemental memorandum in response to the opposition filed by the Attorney General, petitioner offered to augment the record to show that the matters alleged in the new counts in the amended complaint were contained in the original investigative reports and were referred to by the prosecutor in his opening statement at the trial, and that the record of the trial failed to produce any evidence of any act of solicitation as set forth in the second count of the amended complaint. He asserts there were no new facts, as assumed by the superior court, warranting the filing of a new complaint. The People attack this offer as not timely. Nevertheless, it should be noted that until the superior court suggested this theory, it was not contended that the 45-day period governed the time for retrial. The record shows petitioner persistently attacked the filing of a new complaint. In view of the conclusions reached herein, it is unnecessary to augment the record as requested by petitioner.

Such an objection was interposed in *Caputo* v. *Municipal Court* (1960) 184 Cal.App.2d 412 [7 Cal.Rptr. 435]. The court there distinguished the cases last cited as follows: "In these cases, under differing factual circumstances, the appellate court concluded that prohibition should be refused on the basis that a party who has invoked the jurisdiction of the superior court should be required to pursue his remedy of appeal from the order of denial rather than being permitted to file a similar petition for writ in the appellate court as a possible substitute for such an appeal.

"The application of this policy to petitioner in the within case may unduly postpone, if not entirely defeat his right to be promptly relieved of the act of the trial court done in excess of its jurisdiction. If he were required to first pursue his appeal from the order of the superior court denying his petition for writ he might well find himself at time of determination of such appeal to have already been unlawfully tried, convicted and sentenced. He would thus be compelled to rely on a second appeal from such judgment. The appellate court might well find that, in the interim, appellant had been convicted in the municipal court and that this judgment was being appealed; that, since the trial on the merits is completed, and appeal is now pending in the superior court, there are no longer any judicial acts pending in the municipal court to prohibit. (See *Lambert* v. *Municipal Court,* 179 Cal.App.2d 682, 683. . . . )" (184 Cal.App.2d at p. 421.)

The two *Lambert* cases demonstrate the reality of the *Caputo* court's fear that the remedy by appeal from a superior court judgment denying a writ to dismiss a pending case in the municipal court may be inadequate. Nevertheless, more recent recognition of an appellate court's power to preserve the status quo indicates that the remedy of appeal from the denial of the writ by the superior court may be effective. Formerly it was questionable to what extent an appellate court by writ of supersedeas could prohibit action by the litigants, as distinguished from action by the court which rendered the judgment or made the order under review. (See 6 Witkin, *op. cit.,* Appeal, §§ 197 and 201, pp. 4187-4188 and 4194; but cf. § 192 at p. 4183 re staying a trial when reviewing an order on a motion for change of venue by former procedure of appeal.) In 1966 the Constitution was revised and in 1968 section 923 was added to the Code of Civil Procedure to provide: "The provisions of this chapter shall not limit the power of a reviewing court or of a judge thereof to stay proceedings during the pendency of an appeal or to issue a writ of supersedeas or to suspend or modify an injunction during the pendency of an appeal or to make any order appropriate to preserve the status quo, the effectiveness of the judgment subsequently to be entered, or otherwise in aid of its jurisdiction." (See *People* ex rel. *S. F. Bay etc. Com.* v. *Town of Emeryville*

(1968) 69 Cal.2d 533, 536-539 [72 Cal.Rptr. 790, 446 P.2d 790]; and 6 Witkin, *op. cit.*, Appeal, § 202, pp. 4194-4195.)

■ On this state of the law it would appear proper to remit the party seeking review of the superior court's action on a writ to an appeal, rather than to a further application for a writ. The reviewing court on proper showing would have power to stay the trial in the municipal court in aid of its jurisdiction, and a possible conflict in judgments of the superior court and the appellate court would be avoided.

In this case, however, the alternative writ was issued without objection noting the adequacy of the remedy by appeal. The merits of the controversy have been fully briefed and submitted to the court. Under these circumstances the issue may be disposed of on the merits. In *County of Santa Clara* v. *Superior Court* (1971) 4 Cal.3d 545 [94 Cal.Rptr. 158, 483 P.2d 774] the court noted, "Although we have held in this opinion that a writ of prohibition may not be appropriate to review that order, the merits of the superior court order have been thoroughly briefed and argued both before this court and the Court of Appeal. We believe that we should now adjudicate the merits, since a refusal to do so would leave the parties and the trial court without guidance and would serve no purpose but delay." (4 Cal.3d at pp. 551-552, fn. omitted. In addition to the cases referred to by the court in the footnote, see *Pacific Tel. & Tel. Co.* v. *Superior Court* (1970) 2 Cal.3d 161, 170-171 [84 Cal.Rptr. 718, 465 P.2d 854]; *Atkinson* v. *Superior Court* (1957) 49 Cal.2d 338, 342 [316 P.2d 960]; *Bowles* v. *Superior Court* (1955) 44 Cal.2d 574, 582 [283 P.2d 704]; *Lockheed Aircraft Corp.* v. *Superior Court* (1946) 28 Cal.2d 481, 483-484 [171 P.2d 21, 166 A.L.R. 701]; and 5 Witkin, *op. cit.*, § § 44, 45 and 94, pp. 3817-3820 and 3869-3870.)

## II

In *Kellett* v. *Superior Court, supra,* 63 Cal.2d 822 the court concluded, "When, . . . the prosecution is or should be aware of more than one offense in which the same act or course of conduct plays a significant part, all such offenses must be prosecuted in a single proceeding unless joinder is prohibited or severance permitted for good cause. Failure to unite all such offenses will result in a bar to subsequent prosecution of any offense omitted if the initial proceedings culminate in either acquittal or conviction and sentence." (63 Cal.2d at p. 827, fn. omitted.)

A distinction is drawn between the criteria precluding double punishment and those which will prevent multiple prosecution. In *Kellett* the court stated, "If needless harassment and the waste of public funds are to be avoided, some acts that are divisible for the purpose of punishment must

be regarded as being too interrelated to permit their being prosecuted successively. When there is a course of conduct involving several physical acts, the actor's intent or objective and the number of victims involved, which are crucial in determining the permissible punishment, may be immaterial when successive prosecutions are attempted." (*Id.* See also *In re Hayes* (1969) 70 Cal.2d 604, 610 [75 Cal.Rptr. 790, 451 P.2d 430]; *Neal* v. *State of California* (1960) 55 Cal.2d 11, 21 [9 Cal.Rptr. 607, 357 P.2d 839]; and *People* v. *Morris* (1965) 237 Cal.App.2d 773, 776 [47 Cal.Rptr. 253].)

In this case there were definitely two criminal acts involved. Whether considered under a "necessarily included offense" test, or an intent "and objective" test or a "criminal acts" test, the offense of driving a vehicle while under the influence of intoxicating liquor, and the offense of contributing to the delinquency of a minor could be separately punished. (See *People* v. *Hartfield* (1970) 11 Cal.App.3d 1073, 1078-1080 [90 Cal.Rptr. 274].) It may be assumed that in order to avoid harassment the petitioner was entitled to move to have the charges consolidated for trial. (*Id.,* at p. 1080.)

It is, however, unnecessary at this stage of the proceedings, to review the action of the trial court in failing to order such consolidation, nor, on the record before this court, can it be determined whether the trial court erred in refusing to dismiss the contributing charge after the petitioner had pled guilty to the Vehicle Code violation and been sentenced. In the first place, there is no record of the proceedings at which the motion requesting the foregoing relief was denied. All that appears with respect to relationship of the incidents is identity of dates. (See *Thompson* v. *Superior Court* (1968) 262 Cal.App.2d 98, 106 [68 Cal.Rptr. 530].) Secondly, by pleading guilty to the Vehicle Code violation before the motion to consolidate was determined, the petitioner rendered the failure of the court to order consolidation moot. ▮ A plea of guilty to one of several offenses for which multiple punishment is not precluded, will not bar prosecution for the remaining offense. (Cf. *People* v. *Tideman* (1962) 57 Cal. 2d 574, 581-583 [21 Cal.Rptr. 207, 370 P.2d 1007]; and note *People* v. *Brown* (1970) 10 Cal.App.3d 169, 176 [88 Cal.Rptr. 801].) Thirdly, although the court refused to exact an express waiver of the right to be free of the harassment from multiple prosecution from the petitioner at the time he plead and was sentenced for the Vehicle Code violation, the circumstances approach those in which it can be said that a defendant by his actions has elected to have the charges treated separately. (See *People* v. *Hartfield, supra,* 11 Cal.App.3d 1073, 1080-1082.)

Finally, the order denying petitioner's motion to dismiss on the grounds of multiple prosecution was denied September 2, 1971 and was reviewed by the superior court, and another division of this court, which both denied relief to petitioner. It is true that final review by the Supreme Court was denied on the grounds that the trial had already started. The question may not be res judicata, and it was presented in general terms at the proceedings on November 18, 1971 when the case was set for trial. Nevertheless, since neither the municipal court nor the superior court expressly dealt with this issue in their respective orders of December 15, 1971 and January 17, 1972, since it was not pressed on rehearing before the superior court, it should not again be considered initially by this court in these proceedings. Moreover the conclusions reached on the issue of the time for resetting render it unnecessary to do so.

## III

Attached to the petition filed with this court are copies of press clippings bearing dates commencing with February 5, 1971, when it was reported that the school board which employed petitioner had voted to remove him as principal of a school but to retain him as a teacher, through January 27, 1972, when it was reported that the superior court had denied petitioner's request for a rehearing. An examination of these clippings reveals that they fairly and accurately chronicle the events which have been set forth herein in the procedural history of this case, and throw little, if any, light on the guilt or innocence of the defendant. Under these circumstances it is questionable whether petitioner has demonstrated any abuse of discretion by the denial of his motion for change of venue by the municipal court on November 18, 1971, or by the superior court's refusal on January 26, 1972 to disturb that ruling. (See *Groppi* v. *Wisconsin* (1971) 400 U.S. 505, 507-508 [27 L.Ed.2d 571, 574-575, 91 S.Ct. 490]. Cf. *People* v. *Miller* (1969) 71 Cal.2d 459, 471-474 [78 Cal.Rptr. 449, 455 P.2d 377]; *People* v. *O'Brien* (1969) 71 Cal.2d 394, 399-401 [78 Cal.Rptr. 202, 79 Cal.Rptr. 313, 456 P.2d 969] [limited 4 Cal.3d 611]; and *People* v. *Fain* (1971) 18 Cal.App.3d 137, 142-143 [95 Cal.Rptr. 562]; with *Sheppard* v. *Maxwell* (1966) 384 U.S. 333, 363 [16 L.Ed.2d 600, 620-621, 86 S.Ct. 1507]; *Irvin* v. *Dowd* (1961) 366 U.S. 717, 728 [6 L.Ed.2d 751, 759, 81 S.Ct. 1639]; *Fain* v. *Superior Court* (1970) 2 Cal.3d 46, 51 [84 Cal. Rptr. 135, 465 P.2d 23]; and *Maine* v. *Superior Court* (1968) 68 Cal.2d 375, 384-388 [66 Cal.Rptr. 724, 438 P.2d 372].) In this case the acquittal on the January 5, 1971 charge and the failure of the jury to agree on the later charge, each tend to indicate that the factual reporting of the proceedings as they unfolded has not created a reasonable likelihood that a

fair trial cannot be had. (See *Maine* v. *Superior Court, supra,* 68 Cal.2d 375, 383.)

In any event the necessity of dismissing the case renders it inopportune to further consider the propriety of ordering a change of venue.

## IV

In *Klopfer* v. *North Carolina* (1967) 386 U.S. 213 [18 L.Ed.2d 1, 87 S.Ct. 988], the court concluded, "We hold here that the right to speedy trial is as fundamental as any of the rights secured by the Sixth Amendment." (386 U.S. at p. 223 [18 L.Ed.2d at p. 8]. See also *Jones* v. *Superior Court* (1970) 3 Cal.3d 734, 738 [91 Cal.Rptr. 578, 478 P.2d 10]; *People* v. *Wilson* (1963) 60 Cal.2d 139, 144, fn. 2 [32 Cal.Rptr. 44, 383 P.2d 452]; *Harris* v. *Municipal Court* (1930) 209 Cal. 55, 60-61 [285 P. 699]; and *In re Begerow* (1901) 133 Cal. 349, 352-353 [65 P. 828].) Nevertheless under the federal Constitution a defendant "may be retried in the normal course of events." (*United States* v. *Ewell* (1966) 383 U.S. 116, 121 [15 L.Ed.2d 627, 631, 86 S.Ct. 773].) The latter case indicates that when new charges are brought "well within the applicable statute of limitations," when the "claim of possible prejudice . . . is unsubstantial, speculative and premature," and when the new charges "occurred only after the vacation of . . . previous convictions," a lengthy delay between arrest and the hearings on the later indictment will not be a violation of the guarantee of a speedy trial by the Sixth Amendment. (*Id.,* pp. 122-123 [15 L.Ed.2d pp. 631-632].)

"Article I, section 13, of our Constitution declares that 'In criminal prosecutions, in any court whatever, the party accused shall have the right to a speedy and public trial; . . .' . . . The relationship between [Pen. Code, § 1382] and the constitutional guarantee of a speedy trial has been variously described in the cases [citations]; it is sufficient for present purposes to adopt the statement of this court in *People* v. *Godlewski* (1943) 22 Cal.2d 677, 682 . . . to the effect that the subject provisions of the Penal Code are 'supplementary to and a construction of' the Constitution." (*People* v. *Wilson, supra,* 60 Cal.2d 139, 144-145, fn. omitted. See also *Harris* v. *Municipal Court, supra,* 209 Cal. 55, 61-62; *People* v. *Rodriguez* (1971) 15 Cal.App.3d 481, 483-484 [93 Cal.Rptr. 182]; *Cody* v. *Justice Court, supra,* 238 Cal.App.2d 275, 279.)

The function of section 13 of article I of the state Constitution is "to protect those accused of crime against possible delay, caused either by willful oppression, *or the neglect of the state or its officers.*" (*In re Begerow* (1901) 133 Cal. 349, 355 [65 P. 828], italics added. See also *Jones* v. *Supe-*

rior Court, supra, 3 Cal.3d 734, 738; *People* v. *Wilson, supra,* 60 Cal.2d 139, 148.)

■ The People recognize the foregoing principles but assert, as did the superior court, and as the municipal court judge, according to a clipping, may have conjectured, that the filing of the amended complaint gave rise to a new 45-day period in which the petitioner could be brought to trial, which period only commenced when he entered his plea on November 15, 1971.

In *Huerta* v. *Superior Court* (1971) 18 Cal.App.3d 482 [95 Cal.Rptr. 748] the petitioners had not waived time. Their trial was set for a day six days prior to the expiration of the statutory 60-day period. On the day set for trial the information was amended by adding allegations charging the petitioners with various prior felony convictions. The case was continued from time to time to one day after the expiration of the period on the court's own motion because, as reflected in the minutes, of a "congested calendar." On that day the petitioners' motion for a dismissal was denied. The Court of Appeal after reviewing numerous authorities, including *People* v. *Romero* (1936) 13 Cal.App.2d 667 [57 P.2d 557], concluded: "In other words, we are cited to no authority, and we know of none, that holds that the *amendment* of an information by adding a matter not going to the substance of the charge automatically tolls the running of the 60-day period prescribed by section 1382. Section 1382 is designed to implement the constitutional requirement of a speedy trial. Whatever justification there may be for delay of trial when an amendment has changed the nature of the offense involved, we see no reason why the formal addition of a matter going (at most) to the length of penalty, should automatically affect the right to a trial on the merits." (18 Cal.App. 3d at p. 485.)

The court, in granting a writ ordering the trial court to grant the motion to dismiss, referred to the matter as "a very simple case in which both sides were ready for trial, the court was advised that the 60-day period was about to expire, there were trial departments available, the defendant did not consent to a delay, the prosecution did not seek a delay for any expressed cause, but the trial judge who had the case before him, on his own motion, continued the case beyond the 60-day period." (*Id.*) In this case both sides were ready for trial when the matter was before the court on November 18, 1971. The court was advised that petitioner was not waiving his statutory right to a speedy trial. Although the court subsequently suggested that "the known congested trial calendar of the one court available to defendant [who had challenged the sole other judge] is further good cause for the trial setting," this matter was not brought out at the time the

case was set. (See discussion below.) The prosecution did not seek a delay for cause and the date was set by the court on its own motion.

The People contend, as found by the superior court, that in this case there was an amendment of substance which started a new 45-day period running when the petitioner finally entered his plea on November 15, 1971. In *People* v. *Romero, supra,* upon which the People rely, the original information was dismissed. Subsequently a new information charging the identical offense was filed and he was tried 31 days later, but more than 60 days after the filing of the original information. The court overruled the defendant's contention that he had been subjected to double jeopardy (13 Cal.App.2d at pp. 669-671). It further concluded that the period provided in Penal Code section 1382 for the trial of the case had properly been computed from the time of the filing of the new information (*id.,* at pp. 671-672). In this case, a misdemeanor offense, a dismissal would have barred further prosecution. (Pen. Ccde, § 1387.)

It may be assumed, as in *Huerta,* that an amendment of substance would constitute a new charge which would start a new period for trial, following the petitioner's arraignment. Here there is no new charge in substance. The allegations, which have been set forth above show that on October 22, 1971, following the declaration of a mistrial, the petitioner stood charged with violating section 272 of the Penal Code. The amendments to the complaint did no more than add two evidentiary allegations to the same charge.

It is clear that the charge of contributing by exposure was an included charge of contributing by the act charged in the original offense. The petitioner even though convicted on both counts could not be punished for contributing on each count. (See *People* v. *McKerney* (1967) 257 Cal.App.2d 64, 66 and 70 [64 Cal.Rptr. 614]; and *People* v. *Lindsey* (1967) 249 Cal.App.2d 6, 10-12 [57 Cal.Rptr. 190].) More fundamentally the petitioner could not be convicted for three counts of the same offense for one related course of conduct with one victim. In *People* v. *Cline* (1969) 2 Cal.App.3d 989 [83 Cal.Rptr. 246] this court ruled that " 'technical fragmentation' " of a course of lewd and lascivious conduct could not be resorted to in order to create multiple sexual offenses because it would be inconsistent with the provisions of section 654 of the Penal Code (2 Cal.App.3d at p. 996). Under such circumstances not only the multiple punishment, but also the multiple conviction must be set aside. (*Id.,* at p. 997. See also *People* v. *Greer* (1947) 30 Cal.2d 589, 600-601 and 604 [184 P.2d 512]; *People* v. *Bales* (1961) 189 Cal.App.2d 694, 704-705 [11 Cal.Rptr. 639]; and *People* v. *Chapman* (1947) 81 Cal.App. 2d 857, 863-866 [185 P.2d 424].)

Moreover the amendments themselves were illusory. They added nothing to the issues presented by the original complaint. In *People* v. *Lowell* (1946) 77 Cal.App.2d 341 [175 P.2d 846], the court observed, in construing a similar charge: "The prosecution was not limited in its proof to the particular acts described in the respective informations, but under the charge of contributing to delinquency was entitled to prove any other act causing or tending to cause either of the minors to lead an idle, dissolute, lewd or immoral life. Evidence of the acts of sexual intercourse specified in the informations having been offered, it was permissible to prove other acts committed by appellants tending to contribute to the delinquency of the minors. . . . [¶] The crime charged was not that of having engaged, on one occasion, in an act of sexual intercourse with a minor. Only one crime is named in the information, to wit, that of having contributed to the delinquency of a minor by a series of acts, one of them an act of sexual intercourse, tending to cause him to come within the juvenile court law—section 700 of the Welfare and Institutions Code. Under that statute evidence is admissible to show any conduct on the part of a person toward the minor named in the information which causes or tends to cause him to become a delinquent, whether such conduct consists in the doing of one act or a series of acts [citations], and the district attorney is not required to elect as to any particular date or act upon which to rely for conviction. [Citation.]" (77 Cal.App.2d at pp. 344-345. See also *People* v. *Miller* (1956) 145 Cal.App.2d 473, 480 [302 P.2d 603] [app. dism. 353 U.S. 902 (1 L.Ed.2d 660, 77 S.Ct. 673)]; and *People* v. *Schoonderwood* (1945) 72 Cal.App.2d 125, 127-128 [164 P.2d 69]. Cf. *People* v. *Moore* (1960) 183 Cal.App.2d 672, 679 [7 Cal.Rptr. 142] in which it was found unnecessary to determine that issue.) The situation is also analogous to that recently reviewed in *People* v. *Lobaugh* (1971) 18 Cal.App.3d 75 [95 Cal.Rptr. 547] in which this court held that since the gravamen of Vehicle Code section 23101 was aimed at the prevention of "drunken driving," the fact that more than one person was injured would not justify multiple prosecutions (18 Cal.App.3d at pp. 79-80). So here the delinquency of the minor being the evil to be prevented, the fact that one or more acts contributed to that delinquency should not give rise to multiple prosecutions.

In short, the amendments upon which the People and the superior court relied as giving rise to a new period in which to bring the defendant to trial are of no substance. They, therefore, cannot serve to extend the time within which the petitioner was entitled to be tried after his mistrial.

The foregoing conclusion necessitates examination of the reasons advanced by the municipal court judge in his order denying petitioner's motion to dismiss.

## V

■ In the first place it is clear that any waiver of time by the petitioner up to and including the time the trial court declared a mistrial, did not constitute a waiver of his right to a speedy trial in the future. (See *People* v. *Wilson, supra,* 60 Cal.2d 139, 145; *People* v. *Tahtinen* (1958) 50 Cal. 2d 127, 131-132 [323 P.2d 442]; and *In re Lopez* (1952) 39 Cal.2d 118, 120 [245 P.2d 1].) In this case any earlier waiver terminated with the declaration of a mistrial, and the 30-day statutory period for retrial, which was never expressly waived by the petitioner, began to run on the day following October 22, 1971. (Code Civ. Proc., § 12.) In the absence of an express or implied waiver by petitioner or a sufficient showing of good cause, it was error to overrule his motion to dismiss. The matters set forth below were referred to by the trial judge in denying petitioner's motion, and may be treated as findings insofar as they refer to matters of fact which appear in the record.

### —A—

"A defendant's consent that his trial be set for a date beyond the limit prescribed 'is equivalent to a postponement upon his application' (*People* v. *Taylor* (1959) 52 Cal.2d 91, 93 . . . ) and hence constitutes a waiver of the right; and consent will be *presumed* if the defendant fails to take the necessary procedural steps of making timely objection to such delay and thereafter moving for dismissal (*id.* at p. 93 [2]). The right to a speedy trial must therefore be asserted, if at all, in the court where the prosecution is pending, and prior to the commencement of trial." (*People* v. *Wilson, supra,* 60 Cal.2d at p. 146. See also *People* v. *Tahtinen, supra,* 50 Cal.2d 127, 131 and 132; *Patterson* v. *Municipal Court, supra,* 17 Cal.App.3d 84, 90; *People* v. *Lohman* (1970) 6 Cal.App.3d 760, 769 [86 Cal.Rptr. 221] [cert. den. 400 U.S. 995 (27 L.Ed.2d 444, 91 S.Ct. 469)]; *Dulsky* v. *Municipal Court, supra,* 242 Cal.App.2d 288, 290-291; and *Schindler* v. *Municipal Court, supra,* 203 Cal.App.2d 13, 16.)

Here the petitioner complied with the procedure prescribed by *People* v. *Wilson.* He not only objected on November 18, 1971 when the court set the matter for December 21, 1971, but he also thereafter filed a motion to dismiss. The trial court erred in its opinion indicating that no objection was made at the time of setting. There was no waiver by acceding to the date as set.

### —B—

In reliance on *United States* v. *Ewell, supra,* 383 U.S. 116, the trial court stated, "Defendant has filed lengthy motions, which motions sought

results presumably in the best interests of defendant (i.e. motions for dismissal, change of venue and demurrers). The Court has further construed that such pretrial legal matters are an implied consent by counsel and defendant to waive the statutory time for trial. Defendant's own pretrial procedures have prevented an earlier setting of this case for trial."

As noted above, in this state the time for retrial has been fixed by the Legislature and must be followed in the absence of good cause to the contrary. Support for the trial court's position is found in *People* v. *Tahtinen, supra,* where the court observed, "The record does not disclose upon whose application the continuances for plea and for disposition of the motion to set aside the information were granted. Since they were for defendant's benefit, however, they are fairly chargeable to him." (50 Cal.2d at p. 131.)

Similarly in *Dulsky* v. *Municipal Court, supra,* the court stated, ". . . the record discloses that the delays in the proceeding were caused primarily by appellant's conduct—his requests for continuance for plea, and his demurrer; this hardly qualifies him for a dismissal for delay in bringing him to trial. [Citations.] In fact, the court in *People* v. *Harrison,* 182 Cal.App.2d 758, 759 . . . held that the days of postponement requested by the defendant must be deducted in determining the statutory period." (242 Cal. App.2d at p. 292. See also *People* v. *Conway* (1969) 271 Cal.App.2d 15, 22 [76 Cal.Rptr. 251]; and *Cody* v. *Justice Court, supra,* 238 Cal.App. 2d 275, 283 and 285-286.) Moreover, in *Dulsky* v. *Municipal Court, supra,* the court indicated that the defendant, in the absence of express objection, would be chargeable with the time the court took on its own motion for the determination of matters raised by the defendant. It ruled, "The objection he now urges was never made to the municipal court; the court was never afforded the opportunity to deny the deputy's request and immediately hear argument on the demurrer, or to record the reason for the continuance in its minutes, for the alleged omission was never called to its attention. Having been raised for the first time, on this appeal, we will not consider appellant's present objection. [Citations.]" (242 Cal. App.2d at p. 293.)

 ██ ██ Any such implied waiver is limited by its terms. Even if it be assumed that all of the delays up to November 18, 1971 were chargeable to the petitioner,[6] since there was no waiver at that time, the

---

[6]The record fails to reveal whether the seven-day continuance from October 22 to October 29 was requested by the prosecution, by the defendant, or was ordered by the court on its own motion. If not requested by the petitioner it arguably should not be charged to him. The filing of the amended complaint led the petitioner to request a six-day continuance. Even though this time was expressly requested by

court was bound to set the case at the latest on December 20, 1971, December 18 being a Saturday. It is arguable that the latest date for trial would have been December 2 by virtue of the requirement that the case be set within 10 days after the last date on which the petitioner. assented to being tried, to wit, November 22, 1971. In any event, despite petitioner's motion filed November 29, 1971, no attempt was made to advance the trial from the obviously improper date. There was no express or implied waiver of the 30-day period for retrial which extended the time to the date set by the trial court.

—C—

■ In *People* v. *Lohman, supra,* 6 Cal.App.3d 760 the defendant contended after his trial that he had been denied his right to a speedy trial. The court said, "In the absence of an affirmative showing of prejudice, the rule is applicable that when no objection is made to the setting of a

---

the petitioner it may be argued that since the filing of the amended complaint was a prosecution move without substance (see part III of opinion above), the People could not delay petitioner's right to a speedy retrial by such tactics, and he was entitled to oppose them without prejudice to that right. The 11 days from November 4 through November 15 were taken by the court on its own motion. Although this time was devoted to the study of the petitioner's demurrer and motions and the record fails to reveal any objection to the continuance, a question remains as to whether it was the prosecution or the petitioner who occasioned the necessity for the extra pleadings and motions.

The superior court, on the authority of *People* v. *Terry* (1970) 14 Cal.App.3d Supp. 1 [92 Cal.Rptr. 479] charged petitioner with all the delay up until the time he entered his plea on November 15, 1971 because under the clause of subdivision 3 of section 1382 (see fn. 1 above) which provides "within 45 days after his arraignment" the arraignment was not completed until the plea was entered (14 Cal.App.3d Supp. at pp. 4-5). An examination of the provisions of section 988 and 989 of the Penal Code reflects that arraignment as defined therein falls short of the entry of a plea. In fact, it is contemplated that the matter may be continued for plea, and the arrangement of the chapters in Title 6 which deals with "Pleadings and Proceedings Before Trial" suggests the arraignment (ch. 1) is something apart from motions to set aside the indictment or information (ch. 2), demurrer and amendment (ch. 3). the plea (ch. 4), and other matters dealt with in the remaining chapters (5-9) of that title. The Legislature knows how to fix the time of trial in relation to the time of pleading. From 1927 (Stats. 1927, ch. 600, § 1, p. 1036) to 1959 (Stats. 1959, ch. 1693, § 2, p. 4092), Penal Code section 1050 read in part, "The court shall set all criminal cases for trial for a date not later than thirty days after the date of entry of the plea of the defendant." It is, therefore, arguable that the 45 days, if applicable (cf. part III of opinion above) expired December 13, 1971, 45 days after petitioner was arraigned on the amended complaint, and 8 days before the date set for trial over his objections.

The only delay clearly solely attributable to petitioner was the three-day continuance from November 15 to 18 which he utilized to renew his motion for a change of venue.

In view of the fact that more than 30 days transpired between November 18, 1971 and December 21, 1971, it is unnecessary to further examine the proper computations to be made from the facts set forth in this footnote.

trial date more than 60 days after the filing of the accusatory pleading, consent to the setting is presumed (*People* v. *Wilson*, 60 Cal.2d 139, 146 . . .)." (6 Cal.App.3d at p. 769.) The trial court erred, not only in reciting that petitioner failed to object to the date set, but also in concluding that the burden was on the petitioner to show prejudice in connection with his pretrial motion to dismiss. The rule applicable at that stage of the proceedings is set forth in *Harris* v. *Municipal Court, supra,* as follows: ". . . it is not necessary that the party accused affirmatively show prejudice. Prejudice will be presumed from the violation of this constitutional right. It is enough for the defendant to show that the prosecution has been unreasonably delayed. It will not be presumed that good cause for the delay in fact existed. If there was any good cause it was for the prosecution to show it." (209 Cal. at p. 64. See also *People* v. *Wilson, supra,* 60 Cal.2d 139, 151; *People* v. *Rodriguez, supra,* 15 Cal.App.3d 481, 484, fn. 2; *Pickett* v. *Municipal Court* (1970) 12 Cal.App.3d 1158, 1162 [91 Cal.Rptr. 315]; *People* v. *Bryant* (1970) 5 Cal.App.3d 563, 571 [85 Cal.Rptr. 388]; *Schindler* v. *Municipal Court, supra,* 203 Cal.App.2d 13, 16; and *Caputo* v. *Municipal Court, supra,* 184 Cal.App.2d 412, 418. Cf. *United States* v. *Ewell, supra,* 383 U.S. 116, 122 [15 L.Ed.2d 627, 631-632].)

—D—

The trial court considered the petitioner's pretrial motions and the delays attendant thereto not only as an implied waiver of his right to a speedy trial (see B above), but also as "good cause within the discretion of the court to have delayed setting of this case for trial to December 21, 1971."

In *People* v. *Morino* (1890) 85 Cal. 515 [24 P. 892], the court laid down the following rule concerning the showing of good cause, "It was enough for the defendant to show that the time fixed by the statute, after information filed, had expired, and that the case had not been postponed on his application. If there was any good cause for holding him for a longer time without a trial, it was for the prosecution to show it. The court could not presume it. Under the facts as shown the case should have been dismissed, and it was error to deny the motion." (85 Cal. at p. 517. See also *Harris* v. *Municipal Court, supra,* 209 Cal. 55, 62; *In re Begerow, supra,* 133 Cal. 349, 352; *Pickett* v. *Municipal Court, supra,* 12 Cal.App.3d 1158, 1162; *In re Bishop* (1962) 201 Cal.App.2d 604, 610-611 [20 Cal. Rptr. 186]; and *Herrick* v. *Municipal Court* (1957) 151 Cal.App.2d 804, 807 [312 P.2d 264].)

In *People* v. *Bryant, supra,* 5 Cal.App.3d 563, the court stated: " 'Good cause' is established by a clear showing that the delay was the result of

defendant's own acts." (5 Cal.App.3d at p. 571.) At best such good cause could only relate to proceedings taken prior to November 18. (See part B above.) The petitioner by no stretch of the imagination gave any cause for delays subsequent to that date, and the number of days prior thereto which can be charged to him is questionable. (See fn. 6 above.) In short, his acts gave no cause for setting the trial 33 days after November 18, 1971.

■ Any subsequent delay occasioned by petitioner's motion to dismiss and his application for extraordinary relief does not affect his right to a dismissal. The institution of such proceedings "does not have the legal effect of breathing jurisdictional new life into a dead body." (*Schindler* v. *Municipal Court, supra,* 203 Cal.App.2d 13, 18.)

—E—

■ The trial court also stated, "That the known congested trial calendar of the one court available to defendant is further good cause for the trial setting." *In re Lopez, supra,* 39 Cal.2d 118 indicates, ". . . good cause is shown where the condition of the court's business would not permit the trial to proceed. [Citations.]" (39 Cal.2d at p. 120.) Nevertheless, in *People* v. *Tahtinen, supra,* the court, in applying the foregoing rule, observed: "The court's minutes disclose that each of these postponements was granted because of the 'congested condition of the calendar.' In *In re Lopez, supra,* 39 Cal.2d at 120, we held that 'where the condition of the court's business would not permit the trial to proceed' good cause is shown and a continuance is justified. The burden of showing the existence of this condition, however, is upon the prosecution (*People* v. *Echols, supra,* 125 Cal.App.2d at 816), and on the record before us the prosecution has failed to sustain that burden. The minute notation that the case is continued for trial 'owing to congested condition of the calendar' falls short of establishing that trial could not proceed in any department of the Superior Court of Los Angeles County. (*Herrick* v. *Municipal Court,* 151 Cal.App.2d 804, 807 . . . and cases there cited: *People* v. *Echols, supra,* 125 Cal.App.2d at 816-817; Pen. Code, § 1050.)" (50 Cal.2d at p. 132. See also *Huerta* v. *Superior Court, supra,* 18 Cal.App.3d 482, 484; and *Caputo* v. *Municipal Court, supra,* 184 Cal.App.2d 412, 418.) In *Herrick* v. *Municipal Court, supra,* the court stated, ". . . a showing that a large number of civil cases were pending does not excuse failure to assign a sufficient number of judges to handle criminal cases. No proof was offered that the trial court had advised the Judicial Council of the fact that it could not keep abreast of its criminal cases as required by law." (151 Cal.App.2d 804, 807. Cf. *People* v. *Bryant, supra,* 5 Cal.App.3d 563, 571.)

The record in this case falls short of showing that the calendars of both departments were so taken up with criminal cases that it would have been impossible to try defendant within 30 days of November 18, 1971, nor is there the showing, required by section 1050 of the Penal Code, that the court had notified the chairman of the Judicial Council of the inability of the court to try the case within the 30-day period for retrial required by section 1382. In view of the fact that the court set the date of December 21, 1971 without any comment, immediately following the petitioner's statement that time would not be waived, it may be inferred that the question of the congested calendar was an afterthought. Moreover, the petitioner immediately thereafter raised the objection, among others, that "that date" violated the defendant's right to a speedy trial under section 1382. No comment was made by the court with respect to the condition of the court's calendar. In the absence of any record concerning the state of the court's calendar the prosecution has failed to show good cause.

It is therefore concluded that the trial court erred in failing to grant the petitioner's motion to dismiss for failure to give him a speedy trial under the Constitution and laws of this state.

The alternative writ of prohibition heretofore issued is discharged. Let a peremptory writ of mandate issue commanding respondent court to set aside its order denying petitioner's motion to dismiss and commanding it to dismiss the action against petitioner.

Molinari, P. J., and Elkington, J., concurred.